# PHILADELPHIA, BALTIMORE AND WASHINGTON R. CO. *vs.* SOPHIA B. HAND.

*Plaintiff's Contributory Negligence Need Not be Proved by the Defendant—Delay of Passenger in Alighting from Train—Instructions to the Jury.*

In an action to recover damages for an injury caused by defendant's negligence, if it appear from the plaintiff's evidence that his own negligence contributed to the occurrence of the injury, he is not entitled to recover, and the defendant is not obliged to offer proof of such contributory negligence. Consequently a prayer is erroneous which in-

structs the jury that if the defendant relies upon the defense that the plaintiff was guilty of negligence that fact must be proved *by the defendant* by preponderating testimony.

Plaintiff, a passenger, about to alight from a railway car, was standing on the platform when the train lunged forward five or six feet and then suddenly stopped, whereby plaintiff was thrown down the steps of the car to the ground. The evidence showed that several passengers in advance of the plaintiff had all alighted and had gone away from the station when the injury occurred. *Held*, that since it is the duty of a passenger to leave the train at his destination with reasonable promptness, the evidence in this case is such that a prayer should have been granted which instructed the jury that "it was the duty of the plaintiff to leave the train upon its arrival * * with reasonable promptness and if she was negligent in this respect and such negligence directly contributed in any degree to cause the accident complained of, then the plaintiff is not entitled to recover."

Appeal from the Circuit Court for Cecil County (PEARCE, C. J., BROWN and MARTIN, JJ.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE and SCHMUCKER, JJ.

*L. M. Haines* and *A. L. Crothers*, for the appellant.

*John S. Young* and *Albert Constable* (with whom was *M. H. Fahey*, on the brief), for the appellees.

McSHERRY, C. J., delivered the opinion of the Court.

There is one bill of exceptions in the record now before us, and the only questions presented by it for review are the rulings made by the trial Court on the prayers for instructions to the jury. The suit was brought by· the appellee, Sophia B. Hand, against the appellant, The Philadelphia, Baltimore and Washington Railroad Company, to recover damages for a personal injury sustained by the appellee. The facts which need be stated and about which there is no controversy can be briefly set forth; but there is one particular that will be noticed presently in which there is a contest as to a presumption arising from them. On June the twenty-sixth, nineteen hundred and three, the appellee and her husband purchased from the appellant company's ticket agent at Havre de Grace round-

trip tickets to Baltimore and return.   They went to Baltimore
and on the afternoon of the same day they took a train on the
appellant's road in the last-named city to go back to their
home.   They reached Havre de Grace shortly after five
o'clock, p. m.   When the train stopped at the station the ap-
pellee and her husband arose from the seat which they occu-
pied and proceeded towards the front door of the car to alight
therefrom.   There were several persons in advance of them,
and the appellee followed closely behind her husband.   Whilst
the persons in advance of the appellee's husband were de-
scending the car steps, he passed over to the rear platform of
the car immediately in front of the one in which he and his wife
had been riding, and descended the steps of *that* car so as to
get on the station platform before the appellee alighted, and
so as thereby to be able to assist her in alighting.   Before she
stepped down from the car platform the train lunged forward
some five or six feet and then suddenly stopped, whereby the
appellee was thrown from the car platform, down the car steps
on to the station platform and, according to the testimony,
was considerably hurt and injured.

Upon this state of facts the appellee asked eight instructions
and the appellant requested the Court to give three.   All of
the prayers of the appellee, except the eighth, were granted;
whilst the first and second of the appellant were also granted.
The case then went to the jury and a verdict was returned for
the appellee and upon the verdict a judgment was subse-
quently entered.   From that judgment this appeal has been
taken.

We need not set out the first, second, third and fourth in-
structions given at the instance of the appellee, because they
are almost literal transcripts of those which were granted in the
case of *Anderson* v. *P., W. & B. R. R. Co.,* 72 Md. 519.   As
they were held in that case to be free from objection it is un-
necessary to discuss them again.   The fifth instruction, how-
ever, is obviously erroneous.   By it the jury were told that
they "were not entitled to presume that the plaintiff was guilty
of negligence, but that fact, if relied upon by the defendant,

must be *proved by the defendant* by preponderating testimony, and if the jury find that if their minds are in a state of equipoise as to whether she was guilty of negligence or not, then in such event they cannot find that she was guilty of negligence." In the *Anderson case* there was an instruction to the effect that in order to defeat a recovery on the ground of contributory negligence on plaintiff's part, the defendant must satisfy the jury by preponderating evidence of two facts; first, that the plaintiff was negligent; and secondly, that such negligence directly contributed to the injury. The same instruction was given in the case at bar. It is manifest that the fifth instruction is a radical expansion of the principle asserted in the *Anderson case.* Under the principle there asserted the defendant could rely upon the plaintiff's own evidence, or the evidence adduced by the plaintiff's witnesses, to prove contributing negligence; and from that source alone might satisfy the jury of the existence of the two requisite facts above indicated. But under the fifth instruction given in the pending case, contributing negligence, to be available, *"must he proved by the defendant,"* even though the plaintiff had conclusively established the fact that it did exist and did directly occasion the injury constituting the cause of action. The instruction introduces a new doctrine in the law of negligence. Heretofore, certainly in this jurisdiction, and we imagine in every other where negligence is not apportioned, if the plaintiff in making out a case distinctly and clearly showed that his own negligence directly contributed to the happening of the injury which befell him, the defendant was under no obligation to adduce any evidence at all, but might satisfy the Court or jury from the plaintiff's own showing that contributing negligence barred a recovery. If the instruction we are now reviewing is sound, this can no longer be done; for even though the plaintiff may by establishing his own contributing negligence, prove himself out of Court the defendant will still be responsible unless it can adduce evidence to establish what has already been proved, viz: contributing negligence; because under this instruction contributing negligence to be available as a defense

"*must be proved by the defendant.*" Contributing negligence will defeat a plaintiff's action.    It can, therefore, make no possible difference whether that negligence is proved by the plaintiff or by the defendant. It is its *existence*, and not the *party* by whom its existence is proved, that is material.    It is the *thing* itself that defeats the action, and not the mere *accident* that it happens to be proved by the one or the other of the opposite parties.    It is just as complete a bar to the action when its presence is revealed in the evidence introduced by the plaintiff, as it is when disclosed in the testimony adduced by the defendant.    Inasmuch, then, as the negligence of the plaintiff directly contributing to the happening of the injury sustained, bars a recovery, it would seem *a priori* to follow, that it is absolutely of no consequence by which party to the suit that negligence is proved.    Consequently, it was error to instruct the jury that to be a defense such negligence *must* be proved by the *defendant.*

The error just indicated is not cured by any other instruction.    If the fifth instruction, which embodies the above-mentioned error, were in conflict with other instructions that fact would of itself, constitute a ground for reversing the judgment.    *B. & O. R. R. Co.* v. *Blocher,* 27 Md. 277.    If there is no such conflict there is no modification or correction of the error.    It is true the sixth instruction after setting forth certain facts hypothetically defined the right of the plaintiff to recover, "unless the jury believe from the evidence that she was guilty of want of ordinary care, and that such want of ordinary care was a direct cause of her injury."    But this in no way changed the principle laid down in the fifth instruction.    The two are in accord.    By the sixth the jury were told that contributing negligence would defeat the action; but by the fifth they were instructed that the contributing negligence which would so defeat the action must be proved by the defendant.

We come now to the appellant's third prayer.    It was rejected because there was, in the judgment of the trial Court, no evidence to support its hypothesis of facts.    By it the ap-

pellant asked the Court to say to the jury that "it was the duty of the plaintiff to leave the train upon which she was riding upon its arrival at Havre de Grace with reasonable promptness, and that if she was negligent in this respect, and such negligence directly contributed in any degree to cause the accident complained of, that then the plaintiff is not entitled to recover in this case, and their verdict should be for the defendant." There can be no doubt that it was the duty of the plaintiff to leave the train with reasonable promptness, and a failure by her to perform that duty would constitute negligence on her part, unless her tardiness in this respect were shown to be excusable. If her alleged negligence in this particular directly contributed to the injury she received, then, of course, there was no cause of action. But it is said there was no evidence to show that the appellee was dilatory in leaving the train. It may be conceded that there was no direct evidence on that subject; but there were circumstances from which the jury might have legitimately inferred that she was not reasonably prompt in alighting. It does not appear that there was any other passenger behind her; there were several in advance of her. Those who were in advance of her had all alighted and had walked entirely off of the station platform and were no longer in sight before the appellee started to descend the car steps. The jury might well have inferred that if the other ladies who preceded her out of the car, had time enough to do so and in addition had time to walk wholly away from the station platform before the appellee attempted to alight, that she delayed for an unreasonable time to leave the car. It was clearly a matter for the jury to determine, because from the facts alluded to an inference might well have been drawn by them that the appellee did not leave the train with reasonable promptness.

We have made no allusion to the appellee's seventh instruction because it relates only to the measure of damages, and is not open to criticism.

We hold that there was error in granting the appellee's fifth instruction and in refusing to grant the appellant's third prayer.

Md.]                     Syllabus.

Because of those errors the judgment must be reversed and a new trial will be awarded.

> *Judgment reversed with costs above and*
> *below, and new trial awarded.*

(Decided June 20th, 1905.)