# PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD CO *vs.* BERNARD J. McGUGAN.

*Carriers—Passenger Falling in Open Culvert on Track at Station While Changing Cars.*

Plaintiff, a passenger on defendant's railway, was obilged to change cars at a certain station and take another train.   There were at the station three tracks, running north and south, and the passenger platform was on the east side of the tracks.   The train in which plaintiff arrived was on the middle track and plaintiff was in the rear car which stopped beyond the platform.   He left the car by the end door and in proceeding to take the other train, which was on the west track, he did not cross to the platform, but while walking on the west track stepped into an uncovered drain or culvert filled with snow and was injured.   This

track was the most direct route to the train he wished to board which was about 100 feet distant. No directions were given to the plaintiff as to where he should alight, or from which side of the car, or in what way he should reach the other train. *Held*, that the questions of defendant's negligence and of plaintiff's contributory negligence were properly left to the finding of the jury.

Appeal from the Circuit Court for Kent County (BROWN, J.), where there was a judgment for the plaintiff for $1,200.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, SCHMUCKER and JONES, JJ

*Marion deK. Smith*, for the appellant.

*William W. Beck* and *Richard D. Hynson*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought a suit in the Circuit Court for Kent County, and recovered a judgment against the defendant for personal injuries received whilst a passenger on the defendant's railroad, from Elkton, Cecil County, to Massey's, Kent County, Md.

The declaration states that the plaintiff, at the time of the injuries, was a tenant farmer and earning his living by that occupation; that the defendant was a corporation and common carrier of passengers and freight by railroad from Newark, in the State of Delaware, to Massey, in Kent County, Md., through Townsend, in the State of Delaware; that on the 15th day of December, in the year nineteen hundred and four, the plaintiff bought a ticket of the defendant entitling him with his baggage to a safe passage on the railroad from Newark, Del., to Massey's, Md.; that on the 17th day of December, 1904, while he was travelling on said ticket, using due care and caution in crossing the property of the defendant, in order to make the necessary changes as required by his ticket, at or near the village of Townsend, was injured and made permanently lame by reason of the defendant negligently suffering its property to be out of repair over which the plaintiff had the right to pass.

At the trial the verdict and judgment were in favor of the plaintiff, and the defendant has appealed.

There is but one bill of exceptions set out in the record, and that presents the correctness of the action of the Court in granting the plaintiff's prayers, and in the rejection of the defendant's first and second prayers.

To the action of the Court in rejecting the plaintiff's fifth prayer and to the granting of the defendant's third to the eighth prayer inclusive, no exception appears to have been taken and it will not be considered by us.

The single question in the case is whether the trial Court erred in its rulings on the prayers, that is, in granting the plaintiff's prayers and in rejecting the defendant's first and second prayers.

The plaintiff's prayers were properly granted. They are copies of prayers approved by this Court in *P., W. & B. Railroad Company* v. *Anderson*, 72 Md. 519.

In *P., B. & W. R. Co.* v. *Hand*, 101 Md. 233, it is said that similar prayers "were free from objection, and it was unnecessary to discuss them again."

The defendant's first and second prayers are the usual ones submitted on behalf of the defendant in damage suits, and were to the effect that there was no evidence in the case legally sufficient to entitle the plaintiff to recover, and the evidence was not legally sufficient to show that the injury was caused solely by the negligence of the defendant.

These prayers being in the nature of a demurrer to the evidence, it becomes necessary for us to briefly consider the material evidence as set out in the record.

The defendant is a corporation and operates and controls a railroad from Newark, Delaware, to Massey, in Kent County, Maryland. The plaintiff was a passenger of the defendant railroad at the time of the alleged injuries and had purchased a round trip ticket for passage over the road from Massey to Elkton. It was necessary for him to change cars at Townsend, Del., and take the train at that place to Massey, on his return trip home.

On the 17th of December, 1904, while travelling from Elkton to Massey, and at Townsend, Del., he left the rear end of the rear car, upon which he was riding, and proceeded to take the train to Massey, his point of destination. While proceeding to his train, on the Queen Anne and Kent Railroad, which was about 98 feet from the rear of the car he had left, he fell into an uncovered drain box, or open culvert, filled with snow on the defendant's premises, and was injured.

The place where the accident occurred was only a few feet from the car the plaintiff had left, and while beyond the passenger platform for passengers to leave the car, it was the most direct route and the nearest one for him to take in crossing to his train.

At Townsend, where the accident happened, there are three tracks running north and south. The easterly one is used by the north-bound, the middle by the south-bound trains, and the westerly track is known as the Queen Anne and Kent railroad siding. The passenger platform is on the east side of the tracks, and on the west side of the tracks there is a platform used for baggage and mail to be carried over the Queen Anne and Kent railroad.

The train upon which the plaintiff was riding on the day of the accident was a long one, and the car was stopped about two hundred and thirty-five feet beyond the platform. He, and two other possengers, left the rear platform of the last car, where they were seated, and from the west side of the freight platform proceeded to cross to the Queen Anne and Kent railroad.

The plaintiff and the two witnesses who were alone in the rear car, and who left in company with the plaintiff, testified that before the train reached Townsend, the conductor came into the car, took up the tickets and told them the next stop was Townsend. Then he hollered "Townsend" and the car stopped; that they were not directed to leave the car from the front platform and not the rear one, and no notice was given them that passengers should leave the car from the east side and not the west side; that the rear door of the car was not

fastened, and there was no one on the rear platform to warn them, or tell them on which side to leave the car.

There was further evidence on the part of the plaintiff that it was the custom of people leaving the rear car, when the train was a long one, to get off on the right platform and as a rule passengers were not instructed by the railroad officials from which end of the car it would be the safest to reach the Queen Anne and Kent railroad, and that the right side was the nearest to the train.

On the part of the defendant the evidence tended to show that the plaintiff was directed by the conductor to leave the car by the front platform, and that he was not required to get off on the side away from the passenger station and platform; that the plaintiff consulted his own convenience in leaving the car, and thereby exposed himself to the risk which caused the accident.

There being then a manifest conflict in the evidence, the question of negligence and contributory negligence was one of fact and for the jury to determine. This is well settled and needs no citation of authority to establish it. In *B. & O. R. R. Co.* v. *Kane*, 69 Md. 11, it is said, although a railroad company may have provided a platform where the trains regularly stop for the ingress and egress of passengers, it is not *per se* contributory negligence for a passenger to attempt to enter a train at a place other than the platform provided, in the absence of notice that passengers would be received only at such platform and were prohibited from attempting to enter the cars at any other place. And in *McMahon's case*, 39 Md. 449, this Court said: In no case ought the Court to take the question of negligence from the jury, unless the conduct of the plaintiff relied on as amounting in law to contributory negligence is established by clear and uncontradicted evidence.

The law of the case in our opinion was clearly and fully submitted to the jury in the plaintiff's and defendant's granted prayers. The defendant's first and second prayers under the facts of the case were therefore properly rejected. There being no error in the rulings of the Court below the judgment will be affirmed.                *Judgment affirmed with costs.*

(Decided December 6th, 1905.)