# BALTIMORE CITY COURT.

Filed December 30, 1918.

STATE OF MARYLAND, USE OF DAISY A. BIGGS, ET AL.

VS.

MAYOR AND CITY COUNCIL OF BALTIMORE.

*Clifton S. Brown* and *A. J. Quinn* for plaintiff.

*S. S. Field*, City Solicitor, and *B. H. McKindless* for defendants.

BOND, J.—

In the argument on this motion the defendant urges first that there is no evidence legally sufficient to prove that Biggs' death was caused by his fall into the dock with his automobile. He went about his daily affairs for a week or

more after the accident. All the medical witnesses agree that he did not die of pneumonia, a result which in lay minds is commonly associated with such an exposure. The one expert witness who infers a connection between the accident and the death, Dr. Owings, seems to rest his inference largely on the reported condition of the man before and after the accident, and the early date of death after the accident. The eodema which is agreed to have been the immediate cause of death Dr. Owings says he attributes to an acute nephritis. That, he thinks, was "probably" the producing cause. The reports of the man's previous condition Dr. Owings thinks exclude any chronic trouble as a cause. But in his cross-examination Dr. Owings said that it was impossible to judge whether Biggs had merely an old trouble or an acute one. This testimony does bring the tracing of cause and effect here dangerously close to mere speculation, on too little foundation to support a finding of fact. In so far as the question goes to the legal sufficiency of the whole case, I should, if necessary, leave it to the Court of Appeals for final disposition at once rather than order a new trial before sending it to that court. Dr. Owings testimony twice previously appeared to the Court of Appeals to be legally sufficient. But as I shall show later, I think the present motion should be disposed of on other grounds.

The next point pressed in the argument is that of error in the granting of the plaintiffs' fifth prayer, by which the jury were instructed that "the burden is upon the defendant to show that the said Biggs was not using due care." Upon the authority of P. W. & B. R. R. vs. Hand, 101 Md., 237; United Rys. Co. vs. Riley, 109 Md., 334, and others, the wording of this prayer appears to be bad. These cases refer to the obvious principle that when on the evidence produced by the plaintiff it may be at all debatable whether he himself has been guilty of contributory negligence, then it is erroneous to instruct the jury in any way that there can be no finding of contributory negligence unless the defendant shall by his own evidence establish the fact. The Court of Appeals thinks that in such a situation an instruction that there is a burden upon the defendant "to show" or "to prove" the fact may convey the impression that it is a burden to establish it actively, by defendant's own evidence. There is no need of debating this conclusion, as I have read these cases, we are relieved of all difficulty on that point.

On the undisputed facts alone it is at least debatable whether Biggs did not by his own negligence cause his fall into the dock. And that being true, it was undoubtedly erroneous to instruct the jury that there was a burden upon the defendant to establish the fact by his own evidence. It may be that in some cases the possibility of misleading the jury by such an instruction will be offset by other instructions, or for other reasons may be inconsiderable; but I cannot find any such way of escape here. The plaintiffs' counsel suggests that this question, too, had better be referred at once to the Court of Appeals, without the waste of another trial beforehand. The point is made for the first time on this motion, and there is strength in the suggestion that a new trial should not be ordered upon such a belated objection. But the point cannot be avoided for that reason; and I am afraid referring it to the Court of Appeals now would surely result in a new trial in the end, with necessarily greater delay. For this error, I conclude, therefore, that a new trial will have to be granted.

The defendant contends that the trial was rendered unfair also by arguments of plaintiffs' counsel to the jury. The plaintiffs' counsel did at times, in his arguments, appeal for a verdict on the basis of compensation broader than that of mere pecuniary restoration, which is the object of the suit, and to which the instructions of the court had limited the jury. He fell into an error which is common in closing arguments to juries; that of overlooking the distinction between an action of this sort and one by a living person for injuries to himself. But it is not necessary to decide whether this would require a new trial. The point is mentioned at all here merely with a view to clearing any further trial of the same objection.

Defendants counsel also took up the question whether a verdict for the

plaintiffs was not against the weight of the evidence. Both on the question of the connection of the accident with the death, and on that of possible negligence of the defendant, and of the deceased himself, the weight of the evidence, it was argued, was too strongly against the plaintiffs to permit a verdict in their favor to stand. This is a point on which I have had difficulty, and one which has caused me to withhold decision so long. I have come to the conclusion that inasmuch as the Court of Appeals had held substantially the same evidence legally sufficient, two out of three juries have found verdicts for the plaintiffs on it, and in the third jury there was a difference of opinion, it would not now be proper for the court to grant a new trial because in its opinion the evidence was too strongly against the plaintiffs. A new trial will not, therefore, be granted on that ground.

For the error in the granting of the plaintiffs' fifth prayer, however, the motion for a new trial is granted, as has been stated.