ELIAS E. ADLER *vs.* THE ROBERT PORTNER BREW-
ING COMPANY.

*Evidence—Court and Jury—Express Warranty—Breach—
When an alleged Breach of Warranty cannot be set up in
Bar of a Recovery of the Purchase money of the Article
sold.*

Where in an action to recover the purchase money of a refrigerating
machine, the defendant testifies to breaches of warranty as to the
same, such testimony, although contradicted, should be considered
by the jury, and if they find according to it, it is the duty of the
Court to give to such finding its legal effect.

In case of the breach of an express warranty, the averment of fraud
in the warranty is immaterial.

Where in an action to recover the purchase money of a refrigerating
machine, the defendant relies on an alleged breach of warranty,
the jury is not required to find the warranty *fraudulently untrue,*
before they can deduct damages for the breach of it from the
amount of the purchase money.

P. sold to A. a refrigerating machine, and it was delivered. After
having had possession of the machine for about eight months, A.
sought to obtain a further credit by giving his notes to P. for the
purchase money. The claim against A. was assigned by P. to a
Brewing Company. In an action by the company against A. to
recover the purchase money of the machine, it was HELD:

That the defence of an alleged breach of warranty of the machine
could not in good faith be set up in bar of a recovery.

APPEAL from the Superior Court of Baltimore City.

This suit was brought by the appellee to recover the
purchase money of a refrigerating machine sold by Rob-
ert Portner to Elias E. Adler and Paul Mulhauser, co-
partners, trading under the firm name of Adler & Mul-
hauser. The claim for the purchase money was assigned
by Portner to the plaintiff. Prior to bringing suit, the

Adler *vs.* The Robert Portner Brewing Co.

partnership between Adler & Mulhauser was dissolved. The case is further stated in the opinion of the Court.

*Exception:*—The plaintiff offered four prayers, the first and second of which the Court (PHELPS, J.,) rejected, and the third and fourth as follows, the Court granted:

3. That the burden of proof in this case is upon the defendants to establish any warranty by the plaintiff respecting the quality of the machinery sold by plaintiff to the defendants.

4. That if the jury shall find from the evidence in this cause, that the machinery mentioned as delivered to the defendants in this case by the plaintiff, were delivered upon the order of the defendants, or either of them, and were the specified articles or pieces of machinery which it was agreed between the defendants or either of them and the plaintiff, should be delivered by the plaintiff to the defendants, and that the price agreed to be paid by the defendants to the plaintiff for said articles was $1200, payable in equal instalments, at the expiration of three and four months from the date of said delivery, then the plaintiff is entitled to recover of the defendants the agreed price, with such interest thereon as the jury may see fit to allow, from the date of the expiration of said three and four months after delivery, up to the present, unless the jury shall further find that there was a warranty respecting the quality of the machinery sold and delivered by the plaintiff to the defendants, which warranty was fraudulently untrue on the part of the plaintiff, and which warranty formed part of the contract of sale between the plaintiff and defendants, and that said warranty has been broken by the plaintiff, and in that case the jury is entitled to deduct from the plaintiff's claim, proven as aforesaid, the amount of money proven to have been expended by the defendants in bringing the said machinery up to the state in which they shall find it was warranted to be by the plaintiff at the time of sale.

The defendant, Adler, offered the following prayer :

That any affirmation or declaration of the quality or condition of the ice machine (not uttered as a matter of opinion or belief) made by Robert Portner, at the time of the sale, for the purpose of assuring the defendants of the truth of the facts affirmed, and inducing the defendants to make the purchase, if so received and relied on by the defendants, is an express warranty, even though the word warranty was not used.

The Court granted the third and fourth prayers of the plaintiff, and the prayer of the defendant, Adler, and gave also the following instruction :

If the jury find that after the delivery of the machinery, and after the expiration of a sufficient time to have become acquainted with its condition and quality, the defendants asked for an extension of time, and promised to pay the claim, the plaintiff is entitled to recover.

To the granting of the prayers of the plaintiff, and to the special instruction given by the Court, the defendant Adler excepted. Judgment by default was entered against the defendant Mulhauser. On inquisition had the jury rendered a verdict for $1344 against Mulhauser, and judgment was entered accordingly. Verdict and judgment were also given against Adler for the like amount. Adler appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Charles J. Wiener*, for the appellant.

The Court erred in granting the plaintiff's third prayer, because it assumes that an express warranty on the part of the plaintiff was necessary in order to enable the defendant to recoup. The machine was sold *for a particular purpose*, and where a party sells an article for a particular purpose, he must be understood to warrant it reason-

ably fit and proper for that purpose. *Randall vs. Newson,* 2 *L. R.,* (*Q. B. Div.,*) 102; *Mallan vs. Radcliffe,* 17 *C. B.,* (*N. S.,*) 588; *Gray vs. Cox,* 1 *Car. & Payne,* 187; 4 *Barn. & Cress.,* 115; *Bluett vs. Osburn,* 1 *Stark.,* 384.

The Court also erred in granting the plaintiff's fourth prayer, because it requires the jury to find that the "warranty was *fraudulently* untrue on the part of the plaintiff" before they can make any deductions from the amount of the claim for a breach of the express warranty.

It is not necessary to prove fraud in order to make a warrantor liable for breach of his express warranty. *Jones vs. Bright,* 5 *Bing.,* 533; *Williamson vs. Allison,* 2 *East,* 446; *Osgood vs. Lewis,* 2 *H. & G.,* 520.

Whatever a party warrants he is bound to make good to the letter of the warranty; it is only necessary for the buyer to show that the article is not according to the warranty. *Budd vs. Fairmuaer,* 8 *Bing.,* 51.

It has been held, that the description itself may create a warranty on the part of the seller that the goods answered to the description, and if they prove not to correspond thereto the buyer is entitled to recover *without proof of fraud.* *Sheperd vs. Kain,* 5 *Barn. & Ad.,* 240; *Henshaw vs. Robins,* 9 *Metc.,* 83; *Osgood vs. Lewis,* 2 *H. & G.,* 495; *Story on Sales,* sec. 358.

The Court also erred in its special instruction to the jury, because it construes a promise to pay the claim after sufficient time to become acquainted with the condition of the machinery, into an estoppel to the right to recoup. Such a promise might have estopped the purchaser from asking to rescind the sale. *Taymon vs. Mitchell,* 1 *Md. Ch. Dec.,* 496. But the purchaser could either rescind the contract, recoup, or bring an action for breach of warranty. *Rutter vs. Blade,* 2 *H. & J.,* 302; *Franklin vs. Long,* 7 *G. & J.,* 407; *McCeney vs. Duvall,* 21 *Md.,* 166; *Lane, Adm'x vs. Lantz,* 27 *Md.,* 211.

It is not even necessary to give notice within a reasonable time, to maintain a suit for breach of warranty. *McCeney vs. Duvall,* 21 *Md.,* 166.

If the appellant, in order to save his business credit, had even paid the notes when they matured, he would not have lost his right to sue for a breach of warranty, and it has recently been held that even a judgment rendered upon default for the price of goods sold, is not a bar to an action by the purchaser for a breach of warranty of the quality of the goods. *Parker vs. Roberts, Sup. Ct. N. H., June,* 1885.

*Archibald H. Taylor,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

The appellee sued the appellant to recover the price of certain machinery. The defendant relied on an alleged breach of warranty. It appeared that the machinery was sold by one Robert Portner, to the firm of Adler & Mulhauser, of which the defendant was a member, and that the cause of action was assigned to the plaintiff, a body politic and corporate. The defendant testified that in September, 1882, he purchased the machine in question in the City of Baltimore, from Robert Portner; that the price was $1200; no time of payment was mentioned; nothing was then said about notes; that Portner warranted the machine to do all the work Adler wanted to do; that he bought only on Portner's warranty; that Mulhauser, defendant's partner, went over to Alexandria a week or two afterwards to look at the machine that was to be shipped, and that the machine came on, and was received by the defendant about the beginning of October. This testimony is contradicted by Portner and Mulhauser, who testify that the purchase was made by Mulhauser in Alexandria, and that there was no warranty; Portner testifying that Mulhauser knew the machine, and had

seen it work for four or five years when he was in Port-
ner's employment, and on visits to Portner's brewery.
Another witness also testified that Mulhauser looked at
the machine at the time of the purchase and that it was
known to him. Mulhauser testified that he had seen the
machine often, and that he examined it when at work at
the time of the purchase. Adler testified to breaches of
the warranty.

Notwithstanding the contradiction to Adler's testimony,
it was necessary that it should be considered by the jury,
and if they found according to it, the Court was required
to give to their finding its legal effect. Adler testified to
an express warranty, and if this were broken, it was not
material whether it were fraudulently made or not. This
point was decided in *Osgood vs. Lewis*, 2 *Harris & Gill*,
495, and is considered as fully settled. The fourth prayer
of the plaintiff did not correctly state the law, when it
required the jury to find the warranty, "fraudulently un-
true," before they could deduct damages for the breach of
it, from the amount of the purchase money. The alleged
contract for the purchase of the machine was oral, noth-
ing was given by way of earnest to bind the bargain and
no payment was made in whole, or in part. In this con-
dition it was within the Statute of Frauds, but when the
delivery afterwards took place, it became valid and bind-
ing. If there were no other features in the case, we
should reverse the judgment. We must however consider
the other incidents of the trial. There was evidence
tending to show that one-half of the purchase money was
to be paid in three months, and the other half in four
months; and that in November, Mulhauser asked for an
extension of credit until May, and it was granted by Port-
ner; that frequent demands were made for the notes, and
that in May, Adler sent his book-keeper over to Alexan-
dria, and that it was agreed that he should send three
notes for the purchase money, with interest, and that they

should be endorsed, or secured by bill of sale of the machine; that when Adler's clerk was in Alexandria in May, Portner offered to take the machine back, as he had another purchaser, but his offer was refused, and that the notes were given, but were returned to Adler because they did not bear interest, and were not secured by indorsement or bill of sale. Adler testified as follows, we quote the words of the transcript: "that he gave his notes in May, 1883, because Portner was threatening to sue him, and he did not want to be sued; he wanted time to test the machine; he could find out whether the machine would work or not by the time the first note would mature (four months,) and if it would not work he would not pay the notes." Facts which a party to a suit admits, of course need not be submitted to the jury, if the adverse party is willing to accept the admission. It appears from this admission that the defendant after having had possession of the machine for about eight months, gave to the seller his notes for the purchase money. If there was a breach of warranty, he knew it at that time; or at least, he had had the most ample opportunity of ascertaining it. According to his statement no time for the payment of the price was mentioned in the contract of purchase; it was therefore due on the delivery of the machine. After eight months he seeks to obtain a further credit by giving notes. Some significance must be attributed to the giving of a note. In good faith it imports that the maker will pay it at maturity. If the defendant did not intend to pay these notes because of some matter which had then occurred; or if he intended to refuse payment in some contingency which he did not make known to his creditor; in either of these cases, he was contemplating a fraud. We can give to the defendant's conduct no interpretation consistent with good faith, except that he had no purpose of refusing to pay these notes at maturity. This clearly implied that he would make no objections to

the amount claimed to be due as the purchase money of the machine. After this the defence arising from an alleged breach of warranty, or from any other cause, could not in good faith be set up in bar of a suit on this account. We think, therefore, that the Court would have been justified in refusing to submit such question to the jury; and as a matter of course, the plaintiff in his fourth prayer, took upon himself a greater burden than he was required to bear, inasmuch as on the hypothesis therein stated, the defendant was to be allowed a deduction for a breach of warranty. We think that the instruction given by the Court proposed the true inquiry to the jury.

*Judgment affirmed.*