## THE BALTIMORE, CHESAPEAKE AND AT-LANTIC RAILWAY COMPANY *vs.* WILLIAM A. KIRBY.

*Carriers of Passengers—Ejection from Train—Refusal to give up Ticket—Instructions to the Jury.*

When the conductor refuses to accept a passenger's ticket and demands payment of the fare although the ticket is good, yet, if he subsequently offers to accept the ticket and the passenger refuses to surrender it or to pay the fare, the latter has no right of action for ejection from the train.

In an action against a carrier for unlawful ejection from a train the plaintiff's evidence was that he offered a ticket which was good for the passage and the conductor refused to accept it. The defendant's evidence was that the plaintiff refused either to deliver a ticket or pay the fare. *Held*, that a prayer instructing the jury that the plaintiff is entitled to recover if the conductor refused to accept the ticket and expelled plaintiff from the car, is erroneous, because calculated to mislead the jury. They should have been instructed that although the conductor had once refused the ticket offered by the plaintiff, yet if he afterwards, before ejecting the plaintiff, demanded the ticket or the payment of the fare, and that the plaintiff refused both demands, and that thereupon he ejected the plaintiff, there could be no recovery.

In such action it is error to submit to the jury the question as to what and how much misconduct on the part of the plaintiff, constitutes a justification for his expulsion from the cars. It is the duty of the Court to tell the jury what facts disclosed by the evidence would constitute such a justification, and it was the province of the jury to determine whether such facts were established by the evidence.

Appeal from the Circuit Court for Talbot County (Pearce, C. J., and Stump, J.) The jury rendered a verdict for the plaintiff for $5,000, of which $3,000 was

remitted under an order of Court directing a new trial unless that should be done.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*William H. Adkins* (with whom was *Nicholas P. Bond* on the brief), for the appellant.

*C. Mullikin* (with whom were *J. C. Mullikin* and *Joseph B. Seth* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

The plaintiff was a passenger on the train of the defendant Railroad Company on the 25th August, 1897. He was returning from Ocean City to his home in Talbot County, and claims damages for the alleged wrongful action of the company in ejecting him from its cars before he had completed his journey.

It appears from the evidence that the defendant had sold to the plaintiff an excursion ticket which it is conceded was good on the train on which he was riding when the occurrences took place which gave rise to this suit; that the conductor when collecting the tickets of the passengers approached the defendant, who at that time was sitting in the front car°of the train, and when the latter showed his ticket the former refused to take it, said that the ticket would not do, and that the plaintiff had no right on that train; that thereupon the plaintiff informed the conductor that he was from Trappe and that he bought the ticket with the understanding that it was good on that train. As we have said the ticket was in fact good, and the conductor was undoubtedly in error if he refused to accept it when offered by the plaintiff. After the conversation between the conductor and the plaintiff both of them passed into the second or rear car of the train where they had another interview which resulted in the ejection here complained of. The plaintiff testifies that he went into the rear car and took

a seat beside a passenger who had a ticket like the one the conductor had refused to take from him. Other passengers had similar tickets all of which except that of the plaintiff were accepted by the conductor. It does not appear from the testimony of the plaintiff, that the conductor said anything to him or he to the conductor while in the rear car; but the evidence of other witnesses who testified on behalf of the plaintiff is to the effect that some one offered to pay plaintiff's fare after signal had been given to stop the train, and that the plaintiff said that he had offered the ticket in the front car, and that he as going to keep it to return home on if he was put off. Another witness for plaintiff testified that the conductor after collecting the remainder of the tickets rang the bell and said, " I will put you off."

The testimony on the part of the defendant in so far as necessary here to rehearse it, is that when the conductor came to the plaintiff on the rear car and demanded his ticket, he ran his hand in his pocket and said, " there it is, but I'll be d——d if you'll get it," to which the conductor replied, " I'll have to have your ticket or fare " ; that he took up the other tickets and returning to the plaintiff again asked him for the ticket or fare. Upon the refusal of the plaintiff the train was stopped and he was put off. Other witnesses also testified that the conductor said to the plaintiff, " all I want is your ticket or the fare." The conductor denied emphatically that he had refused to take the ticket in the front car, and further testified that the only reason why he did not take the plaintiff's ticket was because he could not get it.

There is but one question presented by this appeal and that is, whether there was, under the evidence in this case, error in granting the plaintiff's first prayer. By that prayer the jury were instructed that if the conductor refused to accept the ticket in question and demanded a different ticket or the payment of fare and that in consequence of his refusal to comply with this demand the plaintiff was forcibly ejected from the cars of the defendant, such expulsion was unlawful and entitled the

plaintiff to recover—" unless they shall further find that the plaintiff was guilty of such misconduct as to justify his expulsion from said cars."

It appears, if the plaintiff's testimony is alone looked at or considered, that the defendant, through its agent the conductor, wilfully refused to take the plaintiff's ticket knowing it to be good. But the facts offered in evidence by the defendant, if true, namely, that the plaintiff refused either to deliver the ticket or pay his fare, constitute a good defence to the action. Now the plaintiff's prayer which was granted is based entirely upon the plaintiff's evidence and altogether ignores that of the defendant, except in so far as the general proviso referring to plaintiff's misconduct may be supposed to embrace it. But assuming that the words constituting the proviso, viz., " unless they (the jury) shall further find that the plaintiff was guilty of such misconduct as to justify his expulsion," etc., were intended to give the defendant the benefit of the facts offered in its defence, we think the jury should have been informed fully in the same instruction what those facts were. The defendant was entitled to more than such a proviso, and the jury should have been instructed that although they should find that the conductor had refused the ticket in the front car, yet if he afterwards and before ejecting the plaintiff demanded the ticket or the payment of the fare, and that the plaintiff refused both demands and that thereupon he ejected the plaintiff because he would do nothing, there could be no recovery.

It is true that by the first prayer of the defendant the jury were instructed to this effect. But we think the first instruction was calculated to mislead the jury. They might well conclude under this instruction that if the conductor had once refused to take the plaintiff's ticket, the plaintiff was thereafter justified in refusing to give it to the conductor, although the latter requested him so to do or to pay the fare. But the granted prayer is defective, we think, not only because it entirely ignores the defendant's proof. As has often been said, to sustain such a prayer " there must not only be proof

to support its hypothesis, but the facts stated must of themselves constitute a complete bar to the action, notwithstanding the truth of all the other facts in the case." *Merch. & Miners Transportation Co.* v. *Story,* 50 Md. 15; *Caledonia Ins. Co.* v. *Traub,* 80 Md. 223; 2 *Poe Pl. & Prac.* secs. 301, 301 A, &c.

And finally it was error to submit to the jury as this prayer does, the question as to what and how much misconduct on the part of the plaintiff constituted a justification for his expulsion from the cars. It was the duty of the Court to tell the jury what facts disclosed by the proof would constitute such a justification, and it was the province of the jury to determine whether such facts were established by the proof. In this respect the plaintiff's prayer was in conflict with the defendant's first prayer by which the jury were instructed what facts would constitute such misconduct as would justify expulsion, and it was properly left to the jury to find the facts.

*Reversed and new trial awarded.*