## BALTIMORE, CHESAPEAKE & ATLANTIC RAILWAY COMPANY vs. EMILY P. TRADER.

*Action by Passenger Against Carrier for Injury Caused by Falling on Ice Covered Steps of Car—Questions of Negligence and Contributory Negligence for the Jury—Instructions—Segregating Facts—Hypothetical Question.*

Plaintiff's evidence showed that she was a passenger on defendant's railway on a winter morning, that in boarding the car she found the steps of the platform covered with snow and ice, in consequence of a snow

636 B., C. & A. RY. CO. vs. TRADER.

Syllabus. [106

storm the preceding night to which the car had been exposed, and that she then slipped on the steps, that shortly afterwards, when the train arrived at her destination and stopped, she went out to the platform to alight, carrying with her a suit case, that she took hold of the rail with one hand and with the other handed the suit case to her husband, who was on the station platform, and that at that moment, she slipped on the ice, which was over all of the platform of the car, and fell down the steps. The defendant's evidence tended to show that there was no ice on the steps or the platform, that the plaintiff fell because of her carelessness in stepping over the edge of the platform and that the ill health from which she now suffers is due not to the fall but to a prior illness. *Held*, that the plaintiff's evidence is legally sufficient to go to the jury to show that the defendant was guilty of negligence and that negligence caused the injury complained of ; also that the act of the plaintiff in leaving the car when she knew there was ice on the platform was not contributory negligence as matter of law, and it was properly left to the jury to say whether or not the plaintiff could have avoided the injury by the exercise of ordinary care.

*Held*, further that a prayer offered by the defendant was properly refused which instructed the jury that if they found that the platform of the car was covered with ice, and that the defendant was negligent in not removing it, and that the plaintiff could have avoided slipping down the steps by grasping the hand rail with both hands, or by grasping the hand rail on each side or by the use of some other platform, then their verdict must be for the defendant, provided they also find that a person using ordinary care would have attempted to so avoid slipping down.

*Held*, further, that a prayer offered by the defendant was properly refused which instructed the jury that if the defendant's agent before the train left its starting point, used reasonable care in cleaning off the platform of the car, and by the use of such care was unable to discover any snow or ice on said platform, then their verdict must be for the defendant.

It is not competent to put to a medical witness a hypothetical question which omits a material fact, which had been shown by the evidence to exist, and which should be considered in connection with the other facts stated in the hypothesis.

A party has a right to ask for an instruction to the jury based on a segregated portion of the evidence but the conclusion announced in such instruction must be consistent with the truth of all the other facts in evidence.

*Decided November 13th, 1907.*

Appeal from the Superior Court of Baltimore City (SHARP, J.) where there was a verdict and judgment for the plaintiff for $800.

*Defendant's 1st Prayer.*—If the jury shall find that the platform of the car by which the plaintiff alighted was covered with ice, and that the defendant was negligent in not moving it; and if they shall further find that the plaintiff could have avoided slipping down the steps by the use of ordinary care on her part, then their verdict must be for the defendant. (*Granted.*)

*Defendant's 2nd Prayer.*—That inasmuch as the evidence of the plaintiff shows that the accident and injury to the plaintiff happened by reason of negligence on her part directly contributing thereto, their verdict must be for the defendant. (*Refused.*)

*Defendant's 3rd Prayer.*—That the burden of proof is on the plaintiff to prove that the cause of plaintiff slipping arose from the negligence of the defendant, and inasmuch as there is no evidence in this case to show that the platform or steps of the car by which the plaintiff alighted were in bad order, the plaintiff to meet this burden must satisfy the jury that such slipping was caused by some substance on the said platform or steps, and that such substance was either known by the defendant's agents to be thereon, or was thereon for such a length of time that it was negligence on the part of defendant's servants not to have discovered and removed it. (*Granted.*)

*Defendant's 4th Prayer.*—If the jury shall find that the platform of the car by which the plaintiff alighted was covered with ice and that the defendant was negligent in not removing it, and if they shall further find that the plaintiff could have avoided slipping down the steps by grasping the hand rail with both hands or by grasping the hand rail on each side of the platform, or by the use of some other platform, then their verdict must be for the defendant, provided, they shall find that a person using ordinary care would have attempted to so avoid slipping down. (*Refused.*)

*Defendant's 5th Prayer.*—That if the agent of the defendant before the train left Ocean City used reasonable care in cleaning off the platform of the car by which the plaintiff travelled from Ocean City to Berlin, and by the use of such care was

unable to discover any snow or ice on said platform, then their verdict must be for the defendant, notwithstanding the fact that the plaintifft's slipping was caused by snow or ice on said platform. (*Refused.*)

The caused was argued before BOYD, SCHMUCKER, BURKE and ROGERS, JJ.

*Ralph Robinson* and *Edward Duffy*, for the appellant.

*Martin Lehmayer* and *Augustus C. Binswanger*, for the appellee.

BURKE., J., delivered the opinion of the Court.

The record in this case brings up for review three rulings of the trial Court upon questions of evidence, and one upon prayers for instructions to the jury—all the exceptions being reserved by the defendant. The defendant is a common carrier of passengers, and operates a steam railroad between Ocean City and Claiborne in this State. This action was brought to recover of the defendant for injuries sustained by the plaintiff whilst she was a passenger upon the defendant's train. The important questions arise upon the rulings of the Court on the defendant's second, fourth, fifth and sixth prayers, and these will be first considered. The plaintiff's prayer, which was granted, is the usual prayer upon the measure of damage, and was properly granted.

The questions of primary negligence on the part of the defendant, and of contributory negligence on the plaintiff's part were fairly and fully submitted to the jury by the first, third, seventh and eighth prayers of the defendant, which were granted. The Court rejected the defendant's second, fourth, fifth, and sixth prayers. Its second prayer asked the Court to rule as a matter of law that the plaintiff was guilty of contributory negligence, and, therefore, could not recover. Its fourth prayer asked the Court to say that if they found "that the plaintiff could have avoided slipping down the steps by

grasping the hand rail with both hands, or by grasping the hand rail on each side of the platform, or by the use of some other platform, then their verdict must be for the defendant; provided, that they find that a person using ordinary care would have attempted to so avoid slipping down." Its sixth prayer is precisely similar to its fourth, except that it omitted the provision attached to that prayer. Its fifth prayer asserted the proposition that if the agent of the defendant before the train left Ocean City used reasonable care in cleaning off the platform of the car by which the plaintiff travelled from Ocean City to Berlin, and by the use of such care was unable to discover any snow or ice on said platform, then their verdict must be for the defendant, notwithstanding the fact that the plaintiff's slipping was caused by snow or ice on said platform.

The question of negligence is ordinarily one of fact, and not of law. This is the general rule, and the Court will not declare that the plaintiff has been guilty of negligence in law, unless the evidence shows some prominent and decisive act of negligence committed by her in regard to the character and effect of which no room is left for ordinary minds to differ.

"In this case, as in all other others of like character," said JUDGE ALVEY, in *Baltimore and Ohio Railroad* v. *Fitzpatrick*, 35 Md. 32, "the degree of care required of the plaintiff to entitle him to recover, was simply such as should have been reasonably expected from an ordinarily prudent person in his situation; that is to say reasonable care. If he exercised such degree of care, though he may have been guilty of some negligence, or want of caution, he was still entitled to recover for any injury sustained in consequence of the defendant's negligence. * * * What will amount to ordinary care, or the absence of it, in any given case, must always be determined by the standard of common prudence and experience, in view of the special circumstances. What may be ordinary care with reference to one particular state of circumstances, may fall very far short of it with reference to another. Hence a jury, if intelligent and experienced, forming their conclusions from their knowledge of the usual and ordinary conduct of their fellow-

men, are the best judges of such a question.   And such ques-
tions have, both in this country and in England, been  gener-
ally referred to the jury, as matters of fact; and the decisions.
of this Court have been uniform upon the subject." It is said
in *Baltimore and Ohio Railroad Company* v. *State, use of Hauer*,
60 Md. 462: "And in considering the facts, the question of
ordinary care on the part of the party injured is not to be de-
termined in an abstract way, but relatively, as it may be con-
nected with and dependent upon the duty and obligation of the
defendant.   It is settled, by all respectable authorities, that
while the carriers of passengers are not insurers of absolute
safety, yet they are bound to exercise reasonable care, accord-
ing to the nature of their contract; and as their employment
involves the safety and the lives and limbs of their passengers,
the law requires the highest degree of care which is consistent
with the nature of their undertaking." When the contribu-
tory negligence of the plaintiff is clear and undoubted the Court
will not hesitate to direct verdict for the defendant upon that
ground; but where such is not the case the question must be
left to the jury, under proper instructions from the Court, to
be decided by them upon a consideration of all the facts.

When these well settled rules are applied to this case, there
can be no doubt about the propriety of the Court's rulings
upon the defendant's prayers.   The plaintiff was a passenger
upon the defendant's train, with a ticket entitling her to be
carried safely from Ocean City to Berlin, a station on its road.
She took the train at Ocean City at about twenty minutes of
seven o'clock on the morning of January 11th, 1906, and the
train arrived at Berlin about fifteen minutes later.   As the
plaintiff was in the act of taking the train at Ocean City she
slipped on the step, or platform of the car, and as she was
leaving the train at Berlin she slipped on the platform of the
car and fell down the steps to the station platform.   She of-
fered evidence tending to show that the car in which she rode
had been left in the open during the night of January 10th,
1906; that it had snowed during that night; and that on the
morning of the 11th the weather was cold and clear; that snow

and ice had accumulated upon the steps and platform of the car which had not been removed when she boarded the train at Ocean City, nor had it been removed at the time she attempted to leave the car at Berlin; that it was the presence of this snow and ice which caused her to slip when she boarded the train, and which caused her to fall at Berlin. The plaintiff had been seriously ill in November, 1905; and she had an attack of typhoid fever in August, 1906, and had given birth to a child in December, 1906; but she offered evidence tending to show that she had entirely recovered from the sickness of 1905, and from the attack of typhoid fever, and that at the time she fell from the car she was never in better health in her life, and that in consequence of the fall she had been seriously injured.

Upon material points in the case the evidence is conflicting. The defendant's evidence tended to show, first, that there was no snow or ice upon the steps, or platform of the car; secondly, that the plaintiff fell because of carelessness on her part in stepping over the edge of the platform; and, thirdly, that the ill health from which she now suffers, is due, not to the fall, but to the prior sickness before mentioned. These conflicting contentions were properly referred to the jury under the granted prayers.

The precise circumstances under which the plaintiff fell, as testified to by herself, are these: When the train reached Berlin, the conductor opened the door, and called the name of the station. The plaintiff took her suit case in one hand and went out the door of the car to the platform. She took hold of the hand-rail on one side of the car with one hand, and handed her suit case to her husband, who was on the platform of the station, and who reached up and took the case out of her hand, and at that moment the plaintiff suddenly slipped, and fell down the steps of the car, hitting every step as she went down, and landed on her back on the station platform. She testified that this was the same platform upon which she had slipped when she entered the car, and that there "was a skim of ice over the whole platform" when she fell.

642      B., C. & A. RY. CO. vs. TRADER.

Opinion of the Court.                         [106

If this testimony be true, it must be conceded that the defendant was guilty of negligence, and if that negligence caused the injury complained of, the plaintiff was entitled to recover, unless the jury had found, under the instructions granted, that she might have avoided the injury by the exercise of ordinary care. But the Court ought not to have pronounced her guilty of contributory negligence under the circumstances. She knew there was ice upon that platform, and she knew that she had slipped as she boarded the train, and the knowledge of these facts was some evidence of negligence and want of caution on her part to be considered by the jury, but her act in going upon the platform was certainly not such a decisive and prominent act of negligence as to justify the Court in saying she could not recover. She had reached her destination; the conductor had given the usual notice; the door through which she passed was the proper and customary exit for persons leaving the train; the conductor, whose duty it was to look after the safety of passengers, was near the plaintiff; she had hold of the hand rail, and had just handed her husband the suit case which she held in the other hand when she fell. We think it can not be said that ordinary minds could not differ as to the effect and character of her act, and therefore, the second prayer of the defendant was properly refused.

The defendant's fourth prayer was bad for a number of reasons; first, it enunciated inconsistent theories; secondly, it imposed a greater measure of care upon the passenger than is required by law; thirdly, it ignored the exact circumstances under which the injury occurred, as testified to by the plaintiff. A party has a right to ask an instruction based upon segregated portions of the evidence, but the conclusions thus arrived at must be consistent with the truth of all other facts offered in evidence. If the failure on the plaintiff's part to do the things enumerated in the second clause of the prayer amounted in law to contributory negligence, as the prayer asserts, then it was manifestly improper to submit that question to the jury, as was done in the proviso attached to the prayer. If the plaintiff's conduct amounted to negligence *per se* the Court should have

B., C. & A. RY. CO. vs. TRADER. 643

Md.] Opinion of the Court.

so declared, and withdrawn the case from the jury; if on the other hand it did not amount in law to contributory negligence, then the question should have been referred to the jury under all the facts and circumstances of the case. This prayer was properly refused. Two of the objections to this prayer apply also to the defendant's sixth prayer.

The fifth prayer of the defendant could not have been granted. It is misleading in its statement of the degree of care required of the defendant toward its passengers, and it ignores the fact that the defendant had ample opportunity to have discovered the ice and snow on the steps and platform of the car and to have removed it before the arrival of the train at Berlin. We, therefore, find no error in the rulings of the Court on the prayers; nor do we find any error in its rulings upon questions of evidence.

The record shows that while objections to certain questions propounded to Doctor Preston were sustained and exceptions reserved, these questions were very fully answered in his subsequent testimony, and we cannot see that the defendant was injured in any way. But because the question omitted a most vital and essential fact, which had been testified to, viz: that prior to and at the time the plaintiff was injured she had recovered from her former sickness and was in good health, the Court was justified in disallowing the hypothetical question, for the reasons stated by this Court in the *Berry Will Case* 93 Md. 572.

*Judgment affirmed with cost above and below.*