# WILLIAM E. ROBINSON, ARCHIBALD SYKES, RICHARD C. MAYO, TRUSTEE IN BANKRUPTCY OF THE CONTINENTAL COMMERCIAL COMPANY, *vs.* HARRY SILVER, DAVID H. SILVER AND H. CLAY WHITEFORD, PARTNERS TRADING AS SILVER BROTHERS AND COMPANY ET ALS.

*Evidence: province of jury. Prayers segregating facts; prayers without evidence. Entries in books.*

Prayers are erroneous when based upon a theory of which there is no legally sufficient evidence in the case.                    p. 45

Where evidence is conflicting, it is for the jury to determine the truth.                    p. 46

Instructions should leave it for the jury to say what they believe from the evidence, and not what they believe as the result of some inferences which they might draw, with or without foundation.                    p. 46

A prayer segregating facts is erroneous if from the facts excluded the jury would be justified in drawing a conclusion different from that which such a prayer requires them to draw.                    p. 48

In construing an instruction upon any given question, all other instructions bearing upon the same question should be construed as a whole, provided it appears upon their face that such prayers qualify the others, or indicate by their order, or by apt reference as granted in conjunction.                    p. 47

To sustain a prayer segregating facts, the facts segregated must support the theory of the prayer, *non obstante* the truth of the other facts offered in evidence.                    p. 46

Entries in a plaintiff's books are not binding upon the defendant unless it be shown that the defendant assented directly or indirectly to the correctness of the same. p. 48

*Decided February 15th, 1913.*

Appeal from the Circuit Court for Baltimore County (DUNCAN, J.).

The facts are stated in the opinion of the Court.

*Moses R. Walter* (with whom was *Osborne I. Yellott* on the brief), for the appellant.

*Stevenson A. Williams* (with whom was *D. G. McIntosh* on the brief), for the appellee.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

STOCKBRIDGE, J., delivered the opinion of the Court.

William E. Robinson and others, Trustees in Bankruptcy of the Continental Commercial Company brought suit against the firm of Silver Brothers & Co., and the individual members of that firm, upon the common counts, adding thereto a special count on a promissory note dated November 15th, 1905, for $1,115.15, with interest, payable sixty days after date. To this suit the defendants filed the general issue pleas in assumpsit, a plea of payment, a plea in set-off, and having been required to file a bill of particulars of their set-off claim, the plaintiffs replied as to one of the items, setting up the statute of limitations, and to this the defendants for rejoinder set up a new promise. Upon pleadings thus made up the case went to trial. For the purpose of this decision

it is not necessary to go at any considerable length into the facts with regard to which evidence was given upon one side and the other, or any further than may be necessary to show the foundation for the prayers, the rulings of the trial Court on which constitute the sole bill of exceptions in the case.

In a general way the case arose as follows: in the year 1903 the defendants began the operation of a canning establishment at Claremont, Virginia, having had an understanding with the Continental Commercial Company through its president, Isaac Robinson, that that company would act as the financial backer of the enterprise, to the extent of advancing the money necessary for the conduct of the business. In pursuance of this arrangement the Continental Commercial Company bought for the defendants certain canning machinery which was billed to them at $1,097.71, and advanced other moneys for various purposes.

The business of the year 1903 was not a success; it was in fact operated at a loss, and by a statement of account dated May 26th, 1904, there was a balance shown to be due the Continental Company of $3,070.63, a portion of which was for the machinery previously purchased, and in addition to this amount as shown by the account, there was due to the Continental Company a fertilizer note of $661.65. There seems to have been practically a running account between the Continental Company and the defendants, and on the 30th July, 1904, Isaac Robinson, president of the company, visited the home of David H. Silver, one of the defendants, where the subject-matter of the accounts between them and future business relations were taken up and were the occasion of a very protracted interview. According to the evidence of the defendants the account which had been previously submitted on the 26th May was admitted to have been correct, except as to the question of the cost of the machinery. The defendants now claim that such machinery was to have been furnished them at actual cost, which is denied on the part of the plaintiffs, and the defendants further say, that the machinery item in the account of the 26th

May was to have been held in abeyance for the production of
the original machinery bills, but that at the urgent solicita-
tion of Mr. Robinson, three accommodation notes were made
and given to him for the sums of $1,033.33, $1,033.34 and
$1,033.33, respectively, or a total of $3,100.00, and it fur-
ther appears that a credit as of the same date was entered
upon the books of the Continental Company of $243.40,
which Mr. Robinson says was allowed by way of a com-
promise, a statement which is denied by the defendants.    On
the same date a filling agreement was entered into between
the parties for the season of 1904, and the business of this
year proved more profitable than that of the preceding, rè-
sulting in a profit to the defendants over and above all ad-
vances which had been made by the Continental Company
for that year's business.    The three notes given on July 30th,
according to their terms, matured respectively, November
1st, 1904, December 1st, 1904, and January 5th, 1905; and
apparently a statement was prepared by the Continental
Company of the 1904 business, under the date of November
11th of that year.    On the 27th January, 1905, there ap-
pears to have been another settlement of accounts between
the parties by which the unpaid balances on the three notes
of July, 1904, and the business of the season of 1904 were
balanced off one against the other, and the amount deter-
mined to be due was $1,590.03; for which the defendants
gave two promissory notes, dated January 5th, 1905, with
interest, one for $1,060.03, payable November 15th, 1905,
and the other for $530, payable October 15th, 1905.    These
notes it was testified to were not paid at maturity.    In
November, 1905, the note for $1,060.03 not having been
paid, the interest amounting to $55.12 was added to it, and
a new note given therefor, being the note for $1,115.15, upon
which this suit is brought.    Subsequently the defendants
abandoned the business at Claremont and placed the selling
of the machinery which had been used there, in the hands of
the Continental Company, such sales to be made for the

account of the defendants by the company, and a considerable amount of the testimony relates to the sales of this machinery and the collection from the Southern Railroad Company of a sum, as damages for the delay in shipment and delivery of certain portions of the machinery. Certain of the items of the bill of particulars of the defendants in support of their plea of set-off are easily eliminated; thus the last item was shown to have been included in the fourth item, and with regard to the second and fourth items the replication of limitations was sufficient to eliminate those. With regard to the fifth item, it was a matter properly to be submitted to the jury to determine whether or not the balance there set up had not been included and allowed for in the settlement of accounts of January 27th, 1905; while the third item was undoubtedly an item proper to be credited upon one of the notes, and apparently was in fact credited upon the smaller note. Without reciting them in full, it is sufficient to say that no prejudicial error appears in the rulings of the trial Court in regard to the plaintiffs' prayers.

The defendants' first prayer was properly refused, for the reason that it was based upon the theory that the defendants were *induced* by the Continental Commercial Company to engage in the business at Claremont, and there was no evidence whatever to support this theory.

The second prayer of the defendants' was as follows: "If the jury shall find that the plaintiffs entered into an agreement with the defendants in the spring of 1903 to furnish them at cost certain machinery for the canning business of that season at Claremont, Virginia; and that upon receipt of the bill of June 26, 1903, defendants objected to the price charged for the machinery as being in excess of the cost price, and demanded of the plaintiff to see the bills, and I. Robinson, president of the plaintiff company put them off from time to time saying he would make it all right. And if they find that on the afternoon of Saturday, July 30th, 1904, said Robinson went to the home of D. H. Silver, one of the defendants, and there met the other two defendants,

and had with him the agreement of July, 1904, offered in evidence, which was signed by plaintiff and defendants at said interview, and if they shall find that an entry was made in plaintiffs' books as of that date, Saturday 30th, abating the defendants' account two hundred and forty-three dollars and * *·* cents, and reducing it to the sum of $3,100, then the jury are at liberty to infer that the defendants in signing the three notes amounting to $3,100 were not relinquishing their claim for the excess charged as machinery over and above the cost price as testified to by Robinson."

The trial Court granted this prayer, and in so doing committed error of a serious character. This prayer was objectionable for the reasons: 1st, that it told the jury that they were at liberty to infer that in signing the three notes amounting to $3,100—the defendants were not relinquishing their claim to an alleged excessive charge for the machinery; the evidence upon this point was in conflict; it was for the jury to say what they believed, from the evidence, and not as the result of some inference which they might draw with or without sufficient foundation. The prayer was also objectionable, because of its method of segregating certain facts. Where this is attempted the tendency of it is by instructing the jury with regard to those particular facts to withdraw from the jury the consideration of all facts other than those mentioned, and if from such excluded facts the jury would be justified in drawing a conclusion different from that which the prayer requires them to find, it is error to grant such prayer. *Corbett* v. *Wolford,* 84 Md. 426. It is true that a party may segregate certain facts offered in proof and ask an instruction upon them. But when so segregated the conclusion arrived at in the instruction must be consistent with the truth of the other facts offered in evidence. In other words, if found to be true they must support the theory of the prayer, *non obstante* the truth of other facts offered in proof. This principle has been recognized in a long line of decisions in this State. *Riggin* v. *Ins. Co.,* 7 H. & J. 291; *Bosley* v. *Ins. Co.,* 3 G. & J. 462; *McTavish* v. *Carroll,* 7 Md. 366;

*Adams* v. *Capron,* 21 Md. 205; *Winner* v. *Penniman,* 35 Md. 163; *Haines* v. *Pearce,* 41 Md. 221; *Walsh* v. *Taylor,* 39 Md. 598; *Darrin* v. *Whittingham,* 107 Md. 46; and such prayers have received the special criticism of the Court in *Hurtt* v. *Woodland,* 24 Md. 394; *Mason* v. *Poulson,* 40 Md. 355; *Johns* v. *Marsh,* 52 Md. 337; *B. C. & A. Rwy. Co.* v. *Trader,* 106 Md. 635; and no reason is now apparent why a departure should be made from the rule of practice thus sanctioned. The appellee relies to support this prayer upon such cases as the *Pittsburgh C. C. & St. L. Rwy. Co.* v. *Higgs,* 4 L. R. A. (N. S.) 1081; *Morris* v. *Miller,* 20 L. R. A. (N. S.) 907; and *Barclay* v. *The Lumber Co.,* 16 L. R. A. (N. S.) 140. These cases merely lay down the general proposition that in construing an instruction upon any given question, all instructions bearing upon the same should be construed as a whole; and the case of *Rosenstock* v. *Ortwine,* 46 Md. 388, is relied upon as an authority in this State to support this view. In that case, however, the rule as stated was that such prayers were permissible when, but only when, it was apparent upon their face that the one was a qualification of the other, and this might be indicted either by the oredr of their succession or by apt reference as granted in conjunction one with another. That does not appear in this case and the effect of the defendant's second prayer was undoubtedly to mislead the jury. "To sustain such a prayer there must not only be proof to support its hypothesis, but the facts stated must constitute a complete bar to the action notwithstanding all the other facts in the case." *B. C. & A. Rwy. Co.* v. *Kirby,* 88 Md. 409.

The fourth prayer of the defendants was likewise defective, and should have been refused, not merely because of its segregation of facts in the case, but because it entirely ignored the probative force of the giving of the notes of July 30th, 1904, and the renewals of them, and violated the principles laid down in such cases as *Adler* v. *Portner Brewing Co.,* 65 Md. 27, and *Hinchman* v. *Johnson,* 108 Md. 661.

The appellees claim that the fifth prayer was unobjectionable when taken in connection with the fourth prayer of the plaintiff; but there was nothing in the prayer itself, nor in the simple fact that it was granted, which would indicate to the jury that there was any connection whatever between the two prayers, and the prayer as framed entirely ignores the evidence tending to show that certain of the items for which a set-off was claimed had already been allowed in the adjustment of the accounts between the parties. This prayer should, therefore, have been rejected.

The appellant has strenuously objected to the sixth prayer of the defendants, which was as follows: "The jury are instructed that the entries in the plaintiff's books offered in evidence to show debits and credits in its dealings with the defendants, are not binding upon them, unless the jury shall find that the defendants assented, directly or impliedly to the correctness of the same."

The principle of law involved in this prayer was directly passed upon by this Court in the case of *Gill* v. *Staylor,* 93 Md. 467, and no valid objection appears to the granting of this prayer, but for errors in the granting of the second, fourth and fifth prayers of the defendants, the judgment below must be reversed, and the case remanded for a new trial.

> *Judgment reversed with costs, and case remanded for a new trial.*