(Decided 13th June, 1867.)

ELIZABETH LANE, Adm'x of SAMUEL HORINE, deceased, *vs.* WILLIAM M. LANTZ.

*Warranty—Measure of Damages—Practice.*

In an action upon a warranty, where the article has not been returned, the measure of damages will be the difference between its value, with the defect warranted against, and the value which it would have borne without that defect.

The price paid for an article warranted is strong *prima facie* evidence of the value of the article if it had been sound, or corresponded with the warranty.          •

In an action upon a warranty, where the article sold was at the time of sale utterly valueless, the measure of damages would be the price paid without any abatement or deduction.

In order to maintain an action for a breach of warranty of a mare, which died a few days after the sale from a disease with which she was affected at that time, it is not necessary for the vendee to return or offer to return her.

Since the Act of 1862, ch. 154, this Court cannot consider an objection which was not taken at the trial below.

APPEAL from the Circuit Court for Washington County.

The facts of the case are sufficiently set forth in the opinion of the Court.

*Exception:* The plaintiff offered the following prayer :

If the jury shall find from the evidence that Lantz, the plaintiff, purchased of Samuel Horine, the intestate of the defendant, the mare mentioned in the declaration, and that at the time of the said purchase the said Horine warranted the said mare to be sound ; and they shall further find, that at the time of said purchase and sale, the mare was unsound, and that she died in the hands of Lantz of such unsoundness. And also further find, that afterwards, Lantz was compelled to pay for the said mare the price bid for her, then the plaintiff is entitled to recover, and the measure of his damages is the value of the mare at the time of sale.

The defendant then offered the following prayer :

Though the jury may find that the mare, in the declaration mentioned, was sold to the plaintiff, with a warranty of soundness ; and that within a day or two after the sale and delivery of said mare, she was discovered by the plaintiff to be unsound, and soon became quite sick, and after a sickness of six or seven days, while in the plaintiff's possession, died ; if the plaintiff purchased said mare on a credit, and did not, until a long time after the death of said mare, pay the purchase money therefor, to entitle him to recover in this action, on said warranty, the price of said mare agreed to be paid on said purchase, he must have returned or offered to return said mare to the said Samuel Horine, immediately, or within a reasonable time after the discovery of such unsoundness, or given said Horine notice thereof, if such return, or offer to return, or notice, was practicable before the death of said mare.

The Court (WEISEL, J.) granted the plaintiff's prayer and rejected the prayer of the defendant. To this ruling of the Court the defendant excepted, and the verdict and judgment being against him, he appealed.

Lane, Adm'x of Horine, *vs.* Lantz.

The cause was argued before Bowie, C. J., Bartol and Goldsborough, J.

*Richard H. Alvey*, for the appellant:

The plaintiff's prayer was erroneous, and should not have been granted, because, without reference to the length of time that the appellee held the mare, and irrespective of her real condition at the time of sale, whether then seriously diseased or not, and without regard to the manner in which she was afterwards treated, the Court instructed the jury that the plaintiff was entitled to recover, and that "the measure of his damages was the value of the mare at the time of sale." It is submitted, that the proposition embraced in this prayer is neither sustained by reason nor authority. It was the duty of the plaintiff to show by proof, the extent of the injury he sustained, before he could recover any particular measure of damages. *Dyer vs. Dorsey and Edelen*, 1 *Gill and John.*, 440. In this case he was only entitled to recover the *difference* between the value of the mare, with the defect warranted against, if any such existed at the time, and the value which she would have borne without that defect. *Mayne on Dams.*, 88; 3 *Parsons on Contracts*, 211; *Towers vs. Barrett*, 1 *T. Rep.*, 136; *Curtis vs. Hannay*, 3 *Esp.*, 82; *Worthy, &c., vs. Patterson*, 20 *Ala.*, 172; *Cary vs. Gruman*, 4 *Hill*, 625.

There was no evidence in the case, as to the value of the mare, other than the contract price, and hence, there was no sufficient evidence, upon which a prayer could be based, fixing the true measure of damages.

The appellant's prayer should have been granted upon the hypothesis therein stated. The Court was asked to say to the jury, that to enable the plaintiff to recover "*the price of said mare, agreed to be paid on said purchase*, he must have returned, or offered to return said mare to the said Samuel Horine immediately, or within a reason-

able time after the discovery of such unsoundness, or given said Horine notice thereof, if such return, or offer to return, or notice was practicable before the death of said mare.'' This the law and common justice required him to do, before he could be allowed to recover back the price agreed to be paid on the purchase. *Rutter vs. Blake*, 2 *H. & J.*, 353 ; *Curtis vs. Hannay*, 3 *Esp.*, 82.

*Andrew K. Syester*, for the appellee :

Was the instruction given by the Court, at the instance of the appellee, as to the measure of damages, correct? It is insisted that this was the only instruction which the facts in the case warranted.

It is not pretended that in an action for breach of warranty the plaintiff is entitled to recover the money paid for the article warranted.

But where the *property has perished* in consequence of the thing warranted against, and where the money has been paid, and no value whatever, as in this case, has passed to the plaintiff, and there is no *evidence whatever of the value of the article*, had it corresponded with the warranty, *other than that afforded by the price paid*, then there is no other standard of value in the case.

The price paid was admissible, as tending to show the actual value ; and, in the absence of any other testimony, sufficient and controlling, and being the only evidence on this subject in the case, there was no other standard to be governed by.

Any instruction relative to the value, had it corresponded, &c., as distinguished from that offered by the price paid, would have been a mere abstraction, announcing a principle of law unsupported by a single fact in the case.

That the price paid was, under these circumstances, *prima facie* strong and sufficient evidence of the value of the article had it corresponded with the warranty as

Lane, Adm'x of Horine, *vs.* Lantz.

established. *Sedgwick on the Measure of Damages*, 287, 291, *(marginal paging;) Clare vs. Maynard*, 7 *Car. & P.*, 741 ; *Cary vs. Gruman*, 4 *Hill*, 625.

It is contended on the part of the appellant that in order to recover the price paid, there should have been a return, or offer to return, &c. This would have been necessary had the appellee rescinded the contract, and sued for money had and received. But this he did not do. Nor was he bound to do it. He affirms the contract, and sues on the warranty. His right and duty is plain. No return or offer was necessary. *Franklin and Armfield vs. Long*, 7 *G. & J.*, 419 ; *Schneider vs. Heath*, 3 *Camp.*, 508 ; *Hilliard vs. Orhell, cited at pa.* 93, *Oliphant on Horses.*

As to notice of the animal's condition, there is no authority whatever requiring it to be given in order to create a right of action. It sometimes arms a vendee with a stronger case as a matter of *fact*, but forms no ingredient whatever in establishing a right at law to recover. *Paulton vs. Lattimore*, 9 *B. & C.*, 265 ; *Fielder vs. Starkie*, 1 *H. Blak.*, 17.

The case of *Curtis vs. Hannay*, 3 *Esp.*, 82, has nothing in it that can be of the slighest service in establishing the law of this case. That was an action of assumpsit for the price of a warranted horse, and Lord Eldon held : That the breach of warranty could not be set up by way of defence to such an action, and said, " he must be left to his action on the warranty ;" but his Lordship took occasion also to remark that he took it to be clear law, " that if a person purchases a horse which is warranted to be sound, and it afterwards turns out that the horse was unsound, &c., the buyer might, if he pleased, keep the horse, and bring an action on the warranty, &c., or he might return, &c., and recover the full money paid."

There are cases in which the rule laid down as the measure of damages is the difference between the actual value and the price paid. *Caswell vs. Coare*, 1 *Taunt.*,

566 ; *Watson vs. Denton*, 7 *Carr. & Payne*, 85 ; *King vs. Price*, 2 *Chitt.*, 416.

But in this case it cannot affect the appellant, whether " the price paid," or the " value of the warranty if true," be set up as the standard, in connection with the actual value in point of fact, for there was no evidence of the value if the warranty had been true, other than the price paid.

BARTOL, J., delivered the opinion of this Court.

The appellee purchased from the appellant's intestate a mare warranted to be sound, and paid the price agreed on ; at the time of the sale the mare was unsound, being affected with lung fever, of which disease she died six or seven days thereafter. This suit was brought for a breach of the warranty. At the trial, the Circuit Court instructed the jury, that if they found the sale and the warranty, and that at the time of the purchase the mare was unsound, and died in the appellee's hands, in consequence of such unsoundness, and that the price was paid, then the appellee was entitled to recover, " and the measure of damages was the value of the mare at the time of the sale."

The appellant contends that this instruction was erroneous as to the measure of damages. In *Mayne on Damages*, 88, (95 *L. L.*,) the law in cases like this is thus stated: " Where the article has not been returned, the measure of damage will be the difference between its value, with the defect warranted against, and the value which it would have borne without that defect." The author says, " the weight of authority in England is strongly in favor of the rule as stated above, and the doctrine in America is the same."

This is no doubt the correct rule. See *Sedgwick on the Measure of Damages*, 287 to 291, (*marginal paging*,) where this subject is considered and the cases collected. See

also *Clare vs. Maynard*, 7 *Car. & P.*, 741; *Bridge vs. Waine*, 1 *Stark. Rep.*, 504; *Caswell vs. Coare*, 1 *Taunt.*, 566; *Carey vs. Gruman*, 4 *Hill*, 625.

The rule is also established by these cases that the price paid is strong *prima facie* evidence of the value of the article, if it had been sound, or corresponded with the warranty. In this case there was no other evidence offered, either by the plaintiff or defendant, of what would have been the actual value of the mare at the time of the sale, if she had been sound. So far as that item was concerned, therefore, the price paid might properly be considered as fixing such value, and, in the absence of other proof, there would be no error in so instructing the jury. But the appellant contends that the jury ought to have been instructed to deduct from this sum the actual value of the mare, at the time she was sold, in her unsound condition.

There was no direct proof offered to show what her actual value was at the time of the sale; the proof was that she was then affected with a disease, of which she died in a few days afterwards.

From this evidence the jury might well have found that she was valueless when sold, and therefore the measure of damage to be recovered by the plaintiff would be the price paid without any abatement or deduction. The Court below, in the instruction granted, did not distinctly submit it to the jury to find that the mare thus fatally diseased was of no value; but in the instruction assumed the fact to be so, and thus took it away from the jury. This, the appellant says, was error, for which the judgment ought to be reversed. It is a little difficult to understand how the appellant was injured by the assumption that a horse so fatally diseased as to die in the purchaser's hands in a few days, could be of no value whatever to the purchaser. The appellant's complaint is literally that the appellee was not compelled to pay for a dead horse.

But looking at the objection to the instruction as it is presented, it is simply that the Court assumed a fact of which there was proof, instead of submitting it to the jury. This objection was not taken at the trial below, and since the Act of 1862, ch. 154, it cannot avail if made for the first time in the appellate Court.

If the Circuit Court had instructed the jury upon the facts stated in the prayer, that the measure of damages in this case was the price paid, there would be no ground for reversal; and such we construe to be the real meaning of the prayer.

The language employed was that the measure of damages was the *value* of the mare at the time of the sale, we understand that as intending the *value* with the warranty, that is, the price paid, or value at which she was estimated by the parties; so it appears to have been understood by the jury. If it were susceptible of a different construction, so as to mean her actual value in her diseased condition, the plaintiff alone could be injured thereby, and the appellant could not justly complain. We affirm the ruling of the Court upon the appellee's prayer. In our opinion, there was no error in refusing the appellant's prayer. In order to maintain an action for a breach of warranty, in a case like this, it is not necessary for the vendee to return, or offer to return the property. *Franklin & Armfield vs. Long,* 7 *G. & J.,* 407. Here the appellee did not elect to rescind the contract, and sue to recover back the purchase money; but the action is upon the warranty to recover damages for its breach.

*Judgment affirmed.*

(Decided 14th June, 1867.)