(Decided 26th June, 1867.)

---

# The Baltimore and Ohio Railroad Company *vs.* George D. Blocher.

*Principal and Agent—Railroad Companies as Carriers of Passengers—Exemplary damages—Instructions to the Jury.*

In an action against a Railroad Company by a passenger to recover damages for injuries sustained by him, while travelling over their road, it is not competent for the defendants to exonerate themselves in whole or in part, by proving mistakes committed by their own agents.

The Baltimore and Ohio Railroad Company *vs.* Blocher.

A Railroad Company has the right to require a passenger to purchase his ticket, and present it when demanded, as evidence of his title to a seat, and the conductor is justified in compelling him to leave the cars whenever he refuses so to do.

Passengers being obliged to conform to the regulations prescribed by carriers, so far as to enable them to avoid imposition, a corresponding duty is imposed upon the latter, to show all becoming courtesy towards the former, in demanding the evidence of their compliance with such rules.

The conductors and employees of a Railroad Company, being in the line of their duty in collecting the fare, or taking up tickets from passengers, represent the Company, and the Company is therefore liable for any abuse of their authority, whether of omission or commission.

Where the injury for which compensation in damages is sought, is accompanied with force or malice, the injured party is entitled to recover exemplary damages.

In an action to recover compensation for an injury, the jury are authorized to give such damages as are warranted by the immediate consequences of the wrong, and such as necessarily result from the act complained of.

The granting of an instruction on the part of the plaintiff, and another on the part of the defendant, which are inconsistent with each other, is erroneous, as calculated to mislead the jury—leaving them in doubt as to which should control.

APPEAL from the Circuit Court for Allegany County.

The facts in this case, as also the exceptions which were taken at the trial below, are set out with sufficient fullness in the opinion of the Court.

The cause was argued before Bowie, C. J., Bartol and Weisel, J.

*Thomas J. McKaig, Jr.,* and *Thomas J. McKaig,* for the appellant, contended :

That the appellee's prayer ought not to have been granted :

1st. Because the appellee by purchasing a ticket, and taking his seat as a passenger, subjected himself to the rules of the road, and of all railroads, that he would

produce the ticket when called for by the conductor, as evidence of his having paid his fare. The prayer does not leave it to the jury to find whether the appellee did so produce and give up *the ticket* he received at Cumberland, to the conductor, for he may have exchanged tickets with the party who held the Baltimore ticket, and taken from him a Martinsburg ticket.

2d. Because if the plaintiff failed to produce a Baltimore ticket, he was therefore bound to pay the fare from Martinsburg to Baltimore, and in that event the measure of his damages would have been, and ought to have been, only the $3.70. *Bosley vs. The Chesapeake Ins. Co.*, 3 *G. & J.*, 450; *Chew's Adm'rs vs. Beall*, 13 *Md. Rep.*, 348; *Md. & Del. R. R. Co. vs. Porter*, 19 *Md. Rep.*, 458; *Adams vs. Capron et al.*, 21 *Md. Rep.*, 186.

The appellant's first, second and third prayers ought to have been granted:

1st. Because, by the ticket system adopted on all railroads, the duties of the passenger and the road are mutual; first, that the passenger shall ask for and pay for the ticket he wants, and that the agent of the road shall give him the proper ticket; if, therefore, the appellee received a Martinsburg ticket instead of a Baltimore ticket, or if he had lost his ticket, or exchanged it for another and a differet ticket, he could not recover because he was forced to pay the additional fare. His remedy would have been for the deception or mistake in giving him the wrong ticket.

2d. Because when a party is bound to procure the evidence of his right to a seat, and accepts that evidence, he is bound by the evidence.

3d. Because if the third prayer cannot be granted, the whole ticket system is of no service to the Company, and of no use to the passenger. If the passenger is not bound by the ticket while on the journey, the Company has no protection from fraud. *Redfield on Railways, page* 24,

*secs.* 26, 27 *and* 28 ; *The People vs. Caryl,* 3 *Parker, Crim. Rep.,* (*N. Y.,*) 326 ; *Hibbard vs. N. Y. and Erie R. R. Co.,* 15 *N. Y. Rep.,* (1 *Smith,*) 455 ; *The Northern Railroad Company vs. Page,* 22 *Barbour,* 130 ; *Beebe vs. Ayres,* 28 *Barbour,* 275.

The appellant's sixth prayer ought to have been granted, because if the jury believed that the appellee had not a ticket from Cumberland to Baltimore, and had not delivered such a ticket to the conductor, then the appellee could only recover for the unncessary force used in compelling payment of the fare. *Redfield on Railways,* 25, *sec.* 26, *sub-sec.* 4.

The appellant's seventh and eighth prayers ought to have been granted, because if the conductor committed an assault on the appellee, such assault was not within the line of his duty, and he was personally responsible to the appellee for said assault.

And even if the conductor did compel him to pay the fare from Martinsburg to Baltimore, if he used no more compulsion that the conduct of the appellee made it necessary to use, and there is no evidence to show that unnecessary force was used, there was no reason why the jury should be instructed to allow vindictive damages.

*J. H. Gordon,* for the appellee.

On the Third Exception :—The appellee's prayer states the law of the case correctly and favorably to the appellants. 1 *Parsons on Contracts,* 696 *to* 700, (2*d Edition*) ; *Stockton vs. Frey,* 4 *Gill,* 406 ; *Stokes vs. Saltonstall,* 13 *Peters,* 181 ; *Story on Bailments, secs.* 592, 593, 598, 600, (4*th Edition*) ; *Bretherton vs. Wood,* 3 *Brod. & Bing.,* 54.

The first, second, third, sixth, seventh and eighth prayers of the appellants were properly rejected. They all go on the erroneous idea that the appellee was not responsible unless the wrong complained of was done by the conductor of the train, or that the conductor or ticket

agent designed to wrong the appellee, or were incompetent, or that the wrong was sanctioned or adopted by the appellants.

The responsibility of the Company covers the conduct of *all* its agents. It makes no difference to the rights of the appellee whether the wrong done him, resulted from the negligence of the conductor, or ticket agent, or any other agent of the Company. If he had the right ticket the conductor should not have put him off; if he had not the right ticket, the ticket agent should have given him the right one. The corporation exists and acts only by its agents, and by putting them in their various places it consents to be bound by their acts. Even if the corporation had forbidden the particular act, it would be responsible for it. The competency of the agent is no protection, if *he did not act properly in the particular case. Story on Agency, sec.* 452 ; *Angell & Ames on Corporations, sec.* 382; *Redfield on Railways, page* 381, *sec.* 169, *sub-secs.* 6, 7, 8, 9 *and notes,* (2d *Edition*) ; *Philadelphia & Reading R. R. Co. vs. Derby,* 14 *Howard,* 468 ; *McElroy and wife vs. Nashua & Lowell R. R. Co.,* 4 *Cushing,* 400 ; *Rex vs. Medley and others,* 6 *Car. & Payne,* 292 ; *Sleath vs. Wilson,* 9 *Car. & Payne,* 607.

Bowie, C. J., delivered the opinion of this Court.

This appeal presents an action for damages, brought by the appellee against the appellants for injuries sustained by him as a passenger. The *nar.* avers, in substance, that the appellants, being a corporation owning a railroad between Cumberland and Baltimore for the transportation of passengers, the appellee was received as a passenger, to be conveyed from Cumberland to Baltimore, and paid the regular compensation established therefor by the appellants ; by reason whereof the appellants were bound to convey the appellee safely, etc., and to treat him civilly and properly, but the appellants had rude and incompetent

servants on the train, who abused and injured the appellee, dragged him from his seat and extorted from him money beyond the established compensation, and other wrongs.

The defendants pleaded not guilty, on which issue was joined. Three exceptions were taken by the appellants, the first of which was abandoned at the argument in this Court. The second was taken to the exclusion of evidence offered by the appellants; and the third, to the granting of the appellee's prayer, and the rejection of certain enumerated prayers of the appellants.

At the trial, among other things, the appellee proved the purchase of a ticket from Cumberland to Baltimore, at the office of the appellants in the former place. That after travelling five or ten miles on the way, the conductor asked for his ticket, which was then delivered to him. After passing Martinsburg, it was again demanded by the conductor, and on being told he had delivered it to him, a difficulty ensued, when, under threat of expulsion, he was compelled to pay the additional fare from Martinsburg to Baltimore; the conductor giving him a certificate of such payment.

The appellee further proved that the attention of those in the car and around, was called to the dispute, and some of them got up on their feet and stood around.

The appellants proved by the conductor, that on that evening, he went through the train, and took up all tickets to Martinsburg inclusive. There were very few on the express train, not more than half a dozen. After leaving Martinsburg, he went through the train to take up the tickets to Harpers Ferry; he came to the appellee, who said his ticket was to Baltimore, and that he, the conductor, had taken it up. A controversy then ensued, the result of which was the payment of the additional sum, upon the conductor's giving a certificate of its payment. The appellants then proved the mode of keeping and distributing the tickets at the Cumberland office.

It was proposed by the appellants to ask the witness what was the system adopted at all other stations on the road, and whether, in the working of this system, mistakes had or had not frequently occurred by giving the wrong ticket, but the appellee objected, and the Court refused to permit the question to be answered, to which the appellants excepted. This constituted their second bill of exceptions.

The ruling of the Court in this bill of exceptions, seems entirely correct. No objection is made to it in the appellants' brief; it appears to have been tacitly, if not expressly conceded to be right. It was not competent for the defendants to exonerate themselves in whole, or in part, by proving mistakes on the part of their own agents.

The appellee's prayer affirms, that if he paid the usual fare for a seat in the cars from Cumberland to Baltimore, and took his seat, and was interrupted by any of the agents of the appellants without any fault on his part, and was required, and under threat of expulsion, compelled to pay extra compensation, he was entitled to recover such damages as were reasonable and proper under all the circumstances of the case ; in estimating which, the jury were not limited by the actual amount of pecuniary damages sustained by him, but might give damages for the injured feelings, and degradation of character, which might have resulted from his exposure, to the observation of the persons around him, or from his treatment by the agents of the defendants.

The propositions of the appellants' prayers were substantially as follows : 1st. If the appellee had not a ticket for Baltimore, but only to Martinsburg, he was not entitled to recover. 2d. If owing to his own mistake or negligence, or the mistake or negligence of the ticket agent at Cumberland, the appellee accepted a ticket to Martinsburg only, he was not entitled to recover, unless the jury believed the agent was an incompetent officer, or designedly and wil-

fully gave the ticket to Martinsburg, with intent to injure and defraud the appellee.

3d. That if the conductor did not behave wantonly or violently towards the appellee, and was neither rude nor incompetent, and the ticket presented by the appellee to the conductor, was a ticket for Martinsburg, and not to Baltimore, and the conductor used no more force than was necessary to compel or induce the appellee to pay the fare or leave the cars, the appellee was not entitled to recover, unless the jury believe that the ticket agent at Cumberland acted fraudulently, knowingly and designedly, in selling the ticket, and the appellants sanctioned it at the time or since.

4th. If the jury believe the appellee had not a ticket from Cumberland to Baltimore, but only to Martinsburg, the conductor had a right to require him to pay the regular fare from Martinsburg to Baltimore, or to leave the cars, and to use whatever force was necessary to compel him to leave the cars in case he refused to pay the regular fare.

5th. If the jury believe the appellants charged and received from the appellee more than a reasonable reward and established compensation for passenger fare from Baltimore to Cumberland, there being no proof in the cause to show what was the fare from Baltimore to Cumberland, the appellee was not entitled to recover the said sum of three dollars and seventy cents in that form of action, unless the jury shall also believe that unnecessary force was used by the conductor in exacting the fare from the appellee.

6th. That under the pleadings in the cause, the appellee was only entitled to recover damages for the unnecessary force used or injury suffered by the appellee personally, in compelling him to pay the additional fare; unless they believe that the appellee had and delivered to the conductor a passenger ticket from Cumberland to Baltimore, and not a ticket from Cumberland to Martinsburg.

7th. If the jury believe the conductor caught the appellee violently, etc., by the collar, and dragged him from his seat while a passenger in the train, the appellee is not entitled to recover for the same in this action against the appellants, unless they believe the appellants authorized the act or adopted and justified it, since its committal.

8th. That if the jury believe, that the conductor wrongfully extorted from the appellee the fare from Martinsburg to Baltimore, after the appellee had surrendered his ticket, etc., the appellee was not entitled to recover vindictive or punitive damages from the appellants, unless they expressly or impliedly participated in the tortious act, authorizing it before, or approving it after it was committed.

Although there was no averment in the *nar.* of the purchase of a ticket, to entitle the plaintiff to his seat in the cars, and to transportation on the railroad, from Cumberland to Baltimore, or averment of rules or regulations requiring the same, and compliance therewith, yet the evidence offered on both sides, established the existence of such a system; and the plaintiff, to support the issue joined on his part, proved the purchase of a ticket at Cumberland for Baltimore. Under these circumstances, the prayers submitted, must be supposed to be based on the rights and obligations growing out of that system. The appellee's prayer omits all reference to the ticket system, (unless the words "without any fault on his part" imply as much,) and relies entirely upon the payment of the fare, as entitling him to transportation, without molestation. This defect is supposed to be cured by the fourth prayer of the appellants, which was granted. The right of the appellants to require the passenger to purchase his ticket and present it when demanded, as evidence of his title to a seat, and of the conductor, to compel the passenger to leave the cars in case he refused, is fully recognized in that instruction; but the discrepancy be-

tween this proposition and that contained in the plaintiffs' prayer is so broad, as to be hardly reconcilable.

The words " and without any fault on his part," in the appellee's prayer, are too general, vague, and indefinite, to be regarded, as a recognition of the same right. The theories of these prayers were *prima facie*, directly opposed. The jury could not, without disregarding one or the other, come to any correct conclusion. According to the ruling of this Court in *Adams vs. Capron et. al.*, 21 *Md. Rep.*, 186, and in *Haney vs. Marshall*, 9 *Md. Rep.*, 215, this conflict between the prayers is error, as it was calculated to mislead the jury—leaving them in doubt which should control. The passenger being obliged to conform to the regulations prescribed by the carriers, so far as to enable them to avoid imposition, a corresponding duty is imposed upon the latter, to show all becoming courtesy towards passengers, in demanding the evidence of their compliance with such rules.

The conductors and employees of the corporation represent them in the discharge of these functions, and being in the line of their duty in collecting the fare or taking up tickets, the corporation is liable for any abuse of their authority whether of omission or commission—vide *Redfield on Railways*, 381, *note* 6, and authorities there cited. The Court was therefore right in rejecting so much of the defendants' prayers as limited their liability to such tortious acts of their agents as they had either previously authorized or subsequently approved.

The first and second prayers of the appellants omit all reference to the behaviour of the conductor, in using force and violence more than necessary for the occasion, and were therefore properly refused.

The third prayer of the appellants was correct in its general theory, but they were not prejudiced by its refusal, as the fourth prayer, which was granted, contained the same law, without the qualifications attached.

The Baltimore and Ohio Railroad Company *vs.* Blocher.

The sixth prayer of the appellants was erroneous, in omitting to include in the estimate of damages, the sum extorted from the plaintiff, if the jury should find the plaintiff had and delivered to the conductor the proper ticket.

The seventh and eighth prayers, requiring the plaintiff to prove either previous authority or subsequent approval, of the acts of the conductor, to render the appellants liable, were properly rejected for reasons before assigned.

The prayer of the appellee claims compensation for injury to his feelings and degradation of character. The appellants' eighth prayer affirms he is not entitled to recover vindictive or punitive damages against the Company, unless they expressly or impliedly participated in the tort, by authorizing it before, or approving it after.

We have already declared our opinion on the latter branch of this proposition. This Court, in the case of *Gaither vs. Blowers*, 11 *Md. Rep.*, 552, said, that where the injury was accompanied with force or malice, the injured party might recover exemplary damages. The action being trespass *vi et armis* or in that character, the jury were authorized to give whatever damages the evidence showed the immediate consequences of the wrong warranted, and which necessarily resulted from the act complained of. 2 *Greenleaf's Ev.*, sec. 89 ; *McNamara vs. King*, 2 *Gilman*, 436 ; 2 *Greenleaf Evid.*, 254 ; *McTavish vs. Carroll*, 13 *Md. Rep.*, 439.

It results from the preceding review of the prayers of the appellants and appellee, that the Court below erred in granting the prayer of the latter, in the particulars mentioned, and in refusing the third prayer of the appellants ; in consequence of which, the judgment below must be reversed and *procedendo* awarded.

*Judgment reversed*

*and procedendo awarded.*

(Decided 27th June, 1867.)