## THE CATANZARA DI GIORGIO COMPANY, a Body Corporate, *vs.* F. W. STOCK & SONS.

</div>

*Court of Appeals; questions considered by—; presumption in favor of lower Court. Prayers; inconsistent; segregating facts; based on unsound theories; referring to pleadings. Money had and received; trover; damages.*

No question can be considered or passed upon by the Court of Appeals which does not appear by the record to have been raised and passed on by the Court below.            p. 206

Where the record does not disclose the reasons why a lower Court permitted pleas to be stricken out, the Court of Appeals must assume that the Court decided and ruled correctly.

p. 206

In an action for money had and received, the measure of damages is the amount of money received by the defendant for the use of the plaintiff, with interest in the discretion of the jury.            p. 207

Prayers are erroneous which are inconsistent with the form of action.                      p. 208

Prayers are erroneous which segregate facts and exclude from the consideration of the jury facts, evidence of which was properly before them.                                    p. 207

Prayers are erroneous which do not present sound legal propositions.                                        p. 207

It is error to grant prayers which are based upon conflicting and opposing principles calculated to mislead and confuse the jury.                                            p. 208

If some of the prayers in a case refer to the pleadings, it is sufficient to justify the Court of Appeals to examine the pleadings.                                        p. 208

In an action of trover the measure of damages is the value of the goods at the time of the conversion.                p. 209

An amendment to a declaration, which introduces a new or independent cause of action and which makes a new and different demand, does not relate back to the beginning of the action so as to stop the running of the statute of limitations, but is equivalent to a fresh suit upon a new cause of action and exposes the case to the bar of the statute of limitations.
                                                p. 210

*Decided June 23rd, 1911.*

Appeal from the Baltimore City Court (ELLIOTT, J.).

Argued before BOYD, C. J., BRISCOE, PATTISON, URNER and STOCKBRIDGE, JJ.

*William Sheppard Bryan, Jr.,* and *Eugene O'Dunne,* for the appellants.

*Joseph N. Ulman and Clarence A. Tucker* (with whom were *Sam'l J. Harman* and *Charles H. Knapp,* on the brief), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an action on the common counts in assumpsit originally brought in the Superior Court of Baltimore City,

on the 5th day of June, 1901, by the appellee against the appellant, on an open account, to recover for the value of a cargo of fruit, consisting of bananas, oranges, nuts and other tropical fruits, shipped from Jamaica by steamer to Baltimore. The cargo was consigned by the bill of lading to the appellee, but on proper endorsement by them was turned over to the appellant, who subsequently sold the fruit.

The case has been tried at least five times in the Baltimore City Courts, resulting in several verdicts for the plaintiff, one in favor of the defendant and several mistrials. To the declaration filed on the 5th day of June, 1901, the defendant pleaded the general issue pleas in assumpsit.

On June 4, 1903, the plaintiff by leave of Court filed the following amended declaration in trover: "For that the defendant converted to its own use and wrongfully deprived the plaintiffs of the use and possession of the goods and chattels of the plaintiffs—that is to say, of certain merchandise consisting of bananas and oranges, and valued at seven hundred and twenty-three dollars and twenty-five cents," and to this declaration, the general issue plea of *non cul in tort* was filed.

On October 27, 1903, the case was removed to the Baltimore City Court, and upon trial on the 12th of November, 1903, a verdict was rendered by a jury for $776.96 in favor of the plaintiff, but which was subsequently set aside by the Court, and a new trial granted.

On March 29, 1905, a trial was begun and a jury was sworn, but upon leave granted to amend the declaration from trover to assumpsit the case was continued.

On April 4th, 1905, the appellees filed a second amended declaration changing the form of action from trover to assumpsit on the common counts, and claimed $1,500 damages, and to this declaration was annexed a statement of account between the Catanzaro Company and F. W. Stock & Sons.

To the declaration the appellant, on the 7th of April, 1905, filed the general issue pleas and two special pleas

of limitation, as follows: "For a first plea, that it never was indebted as alleged; and for a second plea says, that it did not promise as alleged; and for a third plea the defendant says that the alleged cause of action did not accrue within three years before this suit; and for the fourth plea the defendant says that the alleged cause of action did not accrue within three years prior to the commencement of this suit, to wit, March 31, 1905."

On the 27th day of April, 1905, the plaintiff joined issue on the first and second pleas and filed a replication to the third and fourth pleas. Subsequently, petitions, motions, counter motions and other proceedings, almost too numerous to mention, were interposed before another trial was had, as will appear from the following docket entries in the case:

## "DOCKET ENTRIES.

24th May, 1905.—Petition of defendant to dismiss the Replications to the 3rd and 4th Pleas; reasons filed.

24th May, 1905.—Order of Court extending time for filing a Rejoinder or Rejoinders for 10 days after the disposition of the petition to strike out the Replications to the 3rd and 4th Pleas filed.

13th November, 1906.—Petition of plaintiffs to strike out their Replications to the defendant's 4th Plea and Affidavit in support of said motion filed.

13th November, 1906.—Order of Court granting leave filed.

13th November, 1906.—Plaintiff's Replication to defendant's 4th Plea struck out; order of plaintiff's attorney filed.

13th November, 1906.—Motion by plaintiffs to strike out the defendant's 4th Plea filed.

13th November, 1906.—Affidavit of Joseph N. Ulman in support of plaintiff's motion to strike out the defendant's 4th Plea filed; service admitted.

8th December, 1906.—Motion by the defendant that the Affidavit of Joseph N. Ulman, filed in support of plaintiff's motion to strike out defendant's 4th Plea, be stricken out; reasons filed; service admitted.

24th January, 1907.—Defendant's motion to strike out the plaintiff's Affidavit filed in support of the plaintiff's motion to strike out the defendant's 4th Plea 'granted.'

24th January, 1907.—Plaintiff's motion to strike out the defendant's 4th Plea 'granted.'

24th January, 1907.—Defendant's motion to strike out the plaintiff's Replication to the defendant's 3rd Plea 'refused'; order of Court filed.

4th December, 1907.—Jury sworn.

5th December, 1907.—Notice from the defendant to the plaintiffs to produce at the trial of above cause the ledger of Messrs. F. W. Stock and Sons, showing the state of accounts between the plaintiffs and the Norfolk and West India Fruit and Steamship Co.; also all books of account of any character belonging to the Norfolk and West India Fruit and Steamship Co., or containing evidence of any of its business, filed; service admitted.

5th December, 1907.—Verdict in favor of defendant.

5th December, 1907.—Judgment on verdict *nisi.*

7th December, 1907.—Plaintiff's motion for a new trial; reasons filed.

19th December, 1907.—Plaintiff's motion for a new trial 'granted.'

10th May, 1909.—Notice from the plaintiffs to the defendant under the 27th Rule of Court, filed; service admitted.

1st June, 1909.—Jury sworn.

2nd June, 1909.—The jury, being unable to agree upon a verdict, were discharged by the Court.

14th September, 1909.—Notice from the plaintiffs to the defendant under the 27th Rule of Court, filed; service admitted.

10th February, 1910.—Deposition on behalf of the defendant taken before J. F. Milholland, a Notary Public of Kingston, Jamaica, B. W. I., filed.

6th October, 1910.—Notice from the plaintiffs to the defendant under the 27th Rule of Court, filed; service admitted.

15th November, 1910.—Jury sworn.

16th November, 1910.—Verdict in favor of the plaintiffs for $1,070.50.

16th November, 1910.—Judgment on verdict *nisi.*

17th November, 1910.—Defendant's motion for a new trial; reasons filed; service admitted.

3rd December, 1910.—Petition of the plaintiffs requiring the defendant to elect between the exceptions and its motion for a new trial, filed; service admitted.

17th December, 1910.—Defendant's motion for a new trial 'overruled.'

17th December, 1910.—Judgment on verdict absolute in favor of the plaintiffs for the sum of $1,070.50, with interest from date and costs."

We have thus transcribed and inserted the docket entries because it appears there are no bills of exceptions presenting the rulings of the Court below, except upon the evidence and prayers, and the rulings of the Court upon the motions are not set out by the record in a way so as to enable us to review them in this Court.

It is clear upon all the authorities that no question shall be considered or passed upon by this Court which does not appear by the record to have been raised or passed upon by the Court below. *Long* v. *Hawken,* 114 Md. 240; *Palmer* v. *Hughes,* 84 Md. 658; *New & Sons* v. *Taylor,* 82 Md. 41; *Wilken Mfg. Co.* v. *Young,* 115 Md.; *Kendrick* v. *Warren Bros.,* 115 Md.

In this case the rules of Court are not in the record, and we have nothing except the docket entries, and these do not show why the Court permitted the plaintiff to strike out the replication to the fourth plea or why it struck out the fourth plea at all, and the presumption therefore is, the Court ruled and decided correctly. *Cushwa* v. *Cushwa,* 9 Gill, 247; *Newcomer* v. *Keedy,* 9 Gill, 264; *Thorne* v. *Fox,* 67 Md. 74; *Stockett* v. *Sasscer,* 8 Md. 375; *Hutton* v. *Marx,* 69 Md. 255.

Coming now to the rulings of the Court upon the prayers and the evidence, it appears that at the trial the defendant reserved forty exceptions, thirty-nine to the rulings upon the evidence and the fortieth to the ruling of the Court in grant-

ing the plaintiff's first, third, fourth and ninth prayers and in refusing the defendant's first, fourth, fifth, sixth, seventh, ninth, fourteenth, fifteenth, sixteenth and seventeenth prayers, and in overruling the defendant's special exceptions to the third and ninth prayers of the plaintiff. There were twenty-seven prayers submitted in all.

The plaintiff's first prayer was clearly erroneous and should have been rejected. It was error to have instructed the jury that the verdict must be for the plaintiff for the value of the goods at the time of their sale to the defendant. The proper measure of damages in an action of this kind for money had and received by the defendant for the use of the plaintiff would be the amount of money received by the defendant for the use of the plaintiff, with interest in the discretion of the jury.

In *Ruhl* v. *Corner,* 63 Md. 179, it was held that a similar prayer was correctly refused, for it claims as the measure of damages that which belongs to the action of trover and not to the form of action adopted by the plaintiffs. In the action of assumpsit the plaintiff can only recover for the money had and received from the sale to the use of the plaintiff. This prayer was, therefore, inconsistent with the form of action., *Thomas* v. *Sternheimer,* 29 Md. 268; *Heinekamp* v. *Beaty,* 74 Md. 393.

The prayer is also objectionable in other respects: First, it segregates a portion of the evidence and directs the jury to find in favor of the plaintiff upon this evidence and not upon the whole evidence; secondly, there was evidence tending to show that the defendant was a bona fide purchaser for value, which should have been embraced in the prayer for the jury to pass upon, and, thirdly, the prayer as framed did not present a sound legal proposition. *Darrin* v. *Whittingham,* 107 Md. 52; *Poe's Pleading and Practice,* Vol. 2, section 301; *Mt. Vernon Co.* v. *Teschner,* 108 Md. 173; *Christopher* v. *Christopher,* 64 Md. 585; *Buchanan* v. *Savings Institution,* 84 Md. 436.

The plaintiff's third, fourth and ninth prayers were also erroneous and should have been rejected. The third prayer was defective because it excluded from the consideration of the jury the evidence and defences relied upon by the defendant to defeat the action, and contained an erroneous proposition on the facts of the case.

The fourth prayer is subject to the same objections as stated against the first prayer, upon the measure of damages, and practically embraced the first prayer. *Ruhl* v. *Corner,* 63 Md. 179.

The plaintiff's ninth prayer was granted, in connection with plaintiff's first, third and fourth prayers. They are so absolutely inconsistent upon the measure of damages, that conformity with one necessarily implied a disregard of the one or the other. The theories of the prayers were conflicting and directly opposed, and were calculated to mislead the jury and should have been rejected. *Adams* v. *Capron,* 21 Md. 186; *Haney* v. *Marshall,* 9 Md. 215; *B. & O. R. R. Co.* v. *Blocher,* 27 Md. 277; *Farmers' Packing Co.* v. *Brown,* 87 Md. 13.

This brings us to a consideration of the defendant's prayers, and in the view we take of this case, we think the defendant's fourteenth, fifteenth and sixteenth prayers should have been granted, as the appellant was entitled to the benefit of the statute of limitations under its third plea.

While these prayers do not refer to the pleadings, the defendant's first and second prayers do refer to them, and this, we think, is sufficient to permit an examination of the pleadings on these prayers.

The first prayer asked the Court to instruct the jury that "there was no evidence under any count in the declaration," and the second prayers "referred to the material averments of the declaration."

In *Fletcher* v. *Dixon,* 107 Md. 428, this Court said: "It is true that the prayer does not refer to the pleadings, but defendant's 'D' prayer did specifically refer to the third and fourth counts; some prayers referred to the other counts,

and defendant's 'H' prayer referred to the pleadings generally." The Court's attention to each and every count was, therefore, thus drawn by the prayers of the defendant to the pleadings. *Leopard* v. *Canal Co.,* 1 Gill, 222; *Giles* v. *Fauntleroy,* 13 Md. 136; *Rowe* v. *B.* & *O. R. R. Co.,* 82 Md. 504; *Baltimore Bldg. Asso.* v. *Grant,* 41 Md. 569; *Baltimore Elevator Co.* v. *Neal,* 65 Md. 438.

The defendant's third plea set up the defence that the alleged cause of action did not accrue within three years before the suit, and this plea under the facts of the present case was a bar to the action.

The plaintiff's second amended declaration and the cause of action filed on the 4th day of April, 1905, materially changed the character of the action and made an entirely new case. The original suit had been instituted in assumpsit on the 5th day of June, 1901, and was changed on the 4th day of June, 1903, to trover, and on the 4th of April, 1905, the form of action was amended to assumpsit, and a new claim, demand and cause of action filed with the declaration. These actions, one in tort and the other an action *ex contractu,* do not admit of the same pleas. The measure of damages in trover is the value of the goods at the time of the conversion, and in assumpsit, the recovery is for the money had and received, for the use of the plaintiff.

In *Schultz* v. *Fox,* 53 Md. 37, it was held upon the filing of the amended declaration, under the circumstances of that case, the defendant had the right to interpose the plea of limitations as a defence to the new case thus made against him.

In *Hamilton* v. *Thirston,* 94 Md. 256, where the original declaration was a suit upon an alleged oral agreement, and there was no count in the declaration on a *quantum meruit* for the value of the services, under an amendment to the action in *assumpsit,* to a *quantum meruit,* this Court held, it was a new suit, and the statute of limitations was a bar to the action. In *Zier* v. *Chesapeake Ry. Co.,* 98 Md. 41, CHIEF JUDGE McSHERRY, said: "Thus in *Hamilton* v.

*Thirston, supra,* it was held that a plea similar in effect, to the one we are considering was proper because the amendment of the declaration changed the form of action.

Mr. Poe in his valuable work on *Practice,* section 189, thus states the rule, if the defendant omits to plead the statute of limitations and subsequently the declaration is amended by the addition of other counts the defendant is entitled to plead limitations to such counts and where the amendment materially changes the character of the action the plea will be available.

In 25 *Cyc.* 1308, the rule is thus laid down, as supported by authority, "an amendment which introduces a new or different cause of action and makes a new and different demand does not relate back to the beginning of the action, so as to stop the running of the statute of limitations, but is the equivalent of a fresh suit upon a new cause of action and the statute continues to run until the amendment is filed, and this rule applies, although the two causes of action arise out of the same transaction. And if the plaintiff introduces a new claim and cause of action by the amendment against which the statute of limitations has run, that defence is available." 25 *Cyc.* 1304 and 1309.

The filing of the second amended declaration and cause of action was equivalent to bringing a new suit as of the amendment and the defendant can not be deprived of the opportunity of pleading the defence of limitations. *Johnson* v. *District, 1 Mackey,* D. C. 428.

In the present case, the change of the form of action by the plaintiff's amendment, introduced a new and different claim, demand and cause of action, and this opened the case to the bar of the statute of limitations under the defendant's third plea, and there was error in not granting the defendant's fifteenth, sixteenth and seventeenth prayers.

As this conclusion disposes of the case, it will be unnecessary to consider the other rulings raised by the remaining exceptions.

For the errors indicated the judgment appealed from must be reversed, and as the plaintiff's demand set out in the second amended declaration is barred by limitations, a new trial will not be awarded.

> *Judgment reversed, and new trial refused, with costs to the appellant.*