# INTERNATIONAL MOTOR CO.

*vs.*

## JOHN F. OLDFIELD.

*Sale of chattels: breach of warranty; damages; mitigation where purchaser retains and uses chattel.*

Upon a breach of a warranty, the buyer may return the chattel within a reasonable time after discovering the breach, and recover in assumpsit on the common count the amount paid, or he may retain the chattel and sue on the contract for damages resulting from the breach. p. 214

In general, in a suit upon a breach of warranty the measure of damages is the difference between the value of the article with the defect warranted against and the value without the defect. p. 214

And the price paid is strong evidence of the value of the article, if sound. p. 215

But where there is evidence that the plaintiff in such an action retained and used an auto truck in his business for fifteen months, during which time the truck was out of commission only twenty days, the jury should have their attention called to such facts, with the direction that if they shall believe them to be true, they should be considered in mitigation of damages. p. 216

*Decided March 6th, 1919.*

Appeal from the Baltimore City Court. (BOND, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Brsicoe, Thomas and Urner, JJ.

The following are the prayers of the respective parties, and the action of the Court thereon, which are directed to be set out in full:

*Pltf's 1st Prayer.*—If the jury find the contract of sale between the plaintiff and the defendant company, dated the 28th June, 1915, offered in evidence by the plaintiff, and that in pursuance of said contract the defendant delivered to the plaintiff the truck mentioned and described in the plaintiff's evidence, and the plaintiff paid the defendant therefor the contract price,          , and further find that the chassis of said truck so delivered did not have a maximum live load capacity of ten thousand (10,000) pounds as guaranteed in said contract of sale, then the plaintiff is entitled to recover in this suit.  (*Granted.*)

*Pltf's* 1½ *Prayer.*—If the jury find the contract of sale between the plaintiff and the defendant company, dated the 28th June, 1915, offered in evidence by the plaintiff, and that in pursuance of said contract the defendant delivered to the plaintiff the truck mentioned and described in the plaintiff's evidence, and the plaintiff paid the defendant therefor the contract price,          , and further find that the chassis of said truck so delivered did not have a maximum live load capacity of ten thousand (10,000) pounds with body as specified in said contract of sale, then the plaintiff is entitled to recover in this suit.  (*Refused.*)

*Pltf's 2nd Prayer.*—If the jury find their verdict for the plaintiff, then the plaintiff is entitled to recover as damages the difference, if any, they find from the evidence between the value of the truck delivered to the plaintiff, at the time of delivery, and what it would have been worth if it had been as represented in the defendant's guarantee.  (*Granted, but withdrawn for the* 2½ *prayer.*)

*Pltf's* 2½ *Prayer.*—If the jury find their verdict for the plaintiff under his first prayer, then the plaintiff is entitled

to recover as damage the difference, if any, they find from the evidence between the value of the truck delivered to the plaintiff, at the time of delivery, and what it would have been worth if it had been as represented in the defendant's guarantee, together with any expense the jury may find from the evidence the plaintiff was put to in repairing broken parts of said truck resulting directly and naturally from the breach of guaranty mentioned in the declaration. (*Granted.*)

*Pltf's 3rd Prayer.*—If the jury find for the plaintiff under his first prayer, and also find that the plaintiff operated said truck after its delivery to him by the defendant at its request and solicitation, and upon its statements that it was as guaranteed and would work all right, using ordinary care and diligence, if they so find, then the plaintiff is entitled to recover in addition to any damages the jury may award him under his second prayer, for any depreciation in the truck delivered to him as the natural and direct result of such use. (*Refused as Fourth Prayer considered more accurate and complete.*)

*Pltf's 4th Prayer.*—If the jury find that after the delivery of said truck the plaintiff used and operated it at the request and upon the representations of the defendant that it was as warranted and was all right, then the plaintiff is entitled to recover in addition to the damages mentioned in the plaintiff's 2½ prayer such depreciation in the value of the truck they may find, if any, as the direct and natural result of such use, provided they further find that the truck was used and operated during such time with ordinary care. (*Granted.*)

And the defendant offered the following prayers:

*Deft's 1st Prayer.*—The jury are instructed that under the contract offered in evidence by the plaintiff, the defendant only guaranteed the Saurer truck delivered thereunder to the plaintiff against defective material and workmanship, for a period of one year from the date of the shipment of the truck, and that this guarantee did not extend to chains, tires, electric equipment or other accessories, not manufactured by

the defendant, nor to damages or breakages, resulting from wear and tear, accidents, or misuse, and that if the jury shall find that the defendant furnished to the plaintiff, free of charge, parts in exchange for all parts that the jury may find proved defective during said year, then their verdict must be for the defendant, provided the jury shall further find that the Saurer truck that was actually delivered by the defendant to the plaintiff, was capable of carrying under reasonable, ordinary and proper use, a live load of ten thousand pounds, exclusive of the weight of a body not exceeding 1,500 pounds. (*Granted.*)

*Deft's 2nd Prayer.*—The jury are instructed that if they find from the evidence that the Saurer truck delivered by the defendant to the plaintiff under the contract offered in evidence by the plaintiff, was not capable of carrying under reasonable, ordinary and proper use a live load of ten thousand pounds exclusive of the weight of a body not exceeding fifteen hundred pounds, then the measure of damages to the plaintiff is only the difference between the actual value of the truck that was so delivered, and the value it would have had if it had been capable of carrying under a reasonable, ordinary and proper use, a live load of ten thousand pounds, exclusive of the weight of a body not exceeding fifteen hundred pounds.

*Deft's 3rd Prayer.*—The jury are instructed that if they find from the evidence that the Saurer truck actually delivered by the defendant to the plaintiff, was of defective material and workmanship, then the measure of damages because of such defective material and workmanship, is limited to the cost to the plaintiff of such parts exclusive of chains, tires, electrical equipment and other accessories not manufactured by the defendant, as the jury shall find to have been defective, by reason of defective material and workmanship. (*Granted.*)

The Court granted the plaintiff's 1st, 2½ and 4th prayers, and rejected the defendant's 2nd prayer as offered and granted said 2nd prayer modified by the Court as follows:

*Deft's 2nd Prayer.*—The jury are instructed that if they find from the evidence that the Saurer truck delivered by the defendant to the plaintiff under the contract offered in evidence by the plaintiff, was not capable of carrying under reasonable, ordinary and proper use, a live load of ten thousand pounds exclusive of the weight of a body not exceeding 1,500 pounds, then the measure of damages to the plaintiff is only the difference between the actual value of the truck that was so delivered, and the value it would have had if it had been capable of carrying under a reasonable, ordinary and proper use, a live load of ten thousand pounds, exclusive of the weight of a body not exceeding 1,500 pounds, and in addition any loss—if the jury shall find any—which the evidence may show with reasonable certainty to have resulted to the plaintiff directly and naturally, not from defects in parts, or from ordinary wear and tear, abuse, misuse or accident, but from inability, if such existed, of the chassis to stand a live load within the limit of 11,500 pounds including the body weight. (*Granted as modified.*)

*Edgar Allan Poe,* for the appellant.

*James J. Archer and William Pepper Constable,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The plaintiff brought this suit against the defendant, in the Baltimore City Court, to recover damages for the breach of the warranty in a contract of sale of a five-ton motor truck sold the plaintiff by the defendant for the sum of four thousand two hundred and ten dollars.

The plaintiff is a resident of Harford County, Maryland, and purchased the truck for use in his truck express and freight business in carrying freight and merchandise between Baltimore City and Havre de Grace, Maryland, being a distance of about forty miles and over the State road between

those places.   He represented to the agent of the defendant, at the time of the purchase, that he desired a motor truck, suitable for this purpose, and stated the route over which it was to be operated.

The defendant is a body corporate engaged in the sale and manufacture of motor trucks, in New York City, where its principal office is located and where the trucks are made and manufactured.   The defendant agreed to furnish a truck suitable for the plaintiff's business, and as guaranteed by the terms of the contract.

The contract of purchase is dated June 28th, 1915, and it provides that the plaintiff purchased of the defendant one of its Saurer Motor Trucks upon the following terms:

> One (1) Saurer chassis, with maximum guaranteed live load capacity of ten thousand (10,000) pounds, with regular equipment in accordance with standard specifications, to be considered as part of contract; truck to be shipped from the company's shops on or about the 1st of August, 1915, after acceptance of order and receipt of final detailed information, at the prices fixed, namely:
>
> Chassis, Type No. 1, capacity,
> 10,000 lbs. . . . . . . . . . . . . . . . . . $4,800.00
> Maximum length of body wheel
> base, 177½ in.; tires, Goodrich
> Demountable, front 36x5, single
> rear 42x6 dual; style of body
> as per blue print No. 5969 . . . .   450.00
> ————$5,250.00
> Less special allowance. . . . . . . . . . . . . . . 1,040.00
>
> $4,210.00

Terms of payment: Cash on delivery.

The contract also contained the following guarantee:

> The company guarantees all parts of cars and trucks against defective material and workmanship for a period of one year from date of shipment to the ex-

tent that they will furnish free of charge, f. o. b. factory, new parts in exchange for defective parts, provided said defective parts are returned to the factory, charges prepaid.  This guarantee does not apply to chains, tires, electric equipment, or other accessories not manufactured by the company, nor to damages or breakages resulting from wear and tear, accidents or misuse.  No guarantee, express or implied, other than herein stated is made by the company.

The truck was delivered in Baltimore City and accepted by the plaintiff, under the contract, sometime in August, 1915, and the contract price ($4,210) paid, and $96.50 for certain extras, including cost of delivery.

The trial of the case resulted in a verdict for the plaintiff for the sum of $1,710.00 and from a judgment on that verdict the defendant has appealed.

The single question presented on the appeal, as stated by the appellant in its brief, is the correctness of the rulings of the Court below, in granting the plaintiff's prayers, on the measure of damages, 2½ and 4th prayers, and in rejecting the defendant's second prayer, and in granting it as modified.

There is no exception to the granting of the plaintiff's first prayer, and the defendant's first and third prayers were also granted, without objection.  The prayers will be set out in full by the Reporter.

The declaration, it will be seen, contains the common counts and two special counts.  The fourth special count alleges the warranty and the breach of the contract, as follows: that the defendant by warranting one of its motor trucks, known as a Saurer Chassis, with a specified body, to have a maximum live load capacity of 10,000 pounds, sold the same to the plaintiff for use in his said business as aforesaid; yet the said motor truck had not a maximum live load capacity of 10,000 pounds; whereby said motor truck was of no use to the plaintiff, and the plaintiff was unable to carry on his said business, and lost many customers and much trade

and large profits, in and about the same; and was put to much cost and expense about said motor truck, and in trying to use it, and in keeping it, and endeavoring to induce the defendant to receive it back; and the plaintiff afterwards resold said motor truck for a less sum than he paid the defendant for it, and incurred expense on the resale; and by reason of the failure of the defendant as aforesaid, the plaintiff has been otherwise greatly injured and damaged.

The plaintiff filed a bill of particulars, setting out his claims and demands under the declaration. The general issue pleas and a plea of set-off were filed by the defendant to the plaintiff's claim and issue was joined upon the pleas, and the replication to the defendant's plea of set-off.

The authorities agree that upon a breach of the warranty two remedies are open to the buyer: First, he may return the chattel, if delivered, within a reasonable time after discovering the breach, and recover back in *assumpsit* on the common counts the amount paid, or, secondly, he may retain the chattel and sue upon the contract for damages resulting from the breach of the warranty. *Lane* v. *Lantz,* 27 Md. 216; *Horn* v. *Buck,* 48 Md. 358; *Dimmick* v. *Hendley,* 117 Md. 458; *White Automobile Co.* v. *Dorsey,* 119 Md. 258.

In the present case the appellee did not elect to rescind the contract and sue to recover back the purchase money, but brought this suit upon the warranty to recover damages for its breach.

The measure of damages, as a general rule, in a suit for breach of warranty is held, by a number of decisions of this Court, to be the difference between the value of the article with the defect warranted against and the value it would have borne without the defect.

In *Lane* v. *Lantz,* 27 Md. 211, the rule which has been repeatedly followed by this Court, is thus stated: In an action upon a warranty, where the article has not been returned, the measure of damages is the difference between the value of the article with the defect and its value without it. And

the price paid is strong *prima facie* evidence of the value of the article if sound. *Horn* v. *Buck,* 48 Md. 358; *White Automobile Co.* v. *Dorsey,* 119 Md. 258; *Greer* v. *Whalen,* 125 Md. 280; *Queen Glass Co.* v. *Clay Pot Co.,* 97 Md. 429.

Coming now to the action of the Court on the prayers, we find that the plaintiff's first prayer properly instructed the jury that if they found the facts set out in the prayer, then the plaintiff was entitled to recover.

The plaintiff withdrew its second prayer, upon the measure of damages and offered two others, which are numbered 2½ and 4th prayers. They were granted by the Court, and are as follows:

*Pft's 2½ Prayer.*—If the jury find their verdict for the plaintiff under his first prayer, then the plaintiff is entitled to recover as damages the difference, if any, they find from the evidence between the value of the truck delivered to the plaintiff, at the time of delivery, and what it would have been worth if it had been as represented in the defendant's guarantee, together with any expense the jury may find from the evidence the plaintiff was put to in repairing broken parts of said truck resulting directly and naturally from the breach of guaranty mentioned in the declaration.

*Pltf's 4th Prayer.*—If the jury find that after the delivery of said truck the plaintiff used and operated it at the request and upon the representations of the defendant that it was as warranted and was all right, then the plaintiff is entitled to recover in addition to the damages mentioned in the plaintiff's 2½ prayer such depreciation in the value of the truck they may find, if any, as the direct and natural result of such use, provided they further find that the truck was used and operated during such time with ordinary care.

While these prayers are in part within the general rule as to the proper measure of damages, applicable to the case, they are defective in ignoring the uncontradicted evidence in the record, that the plaintiff operated the truck and used it constantly in its business from August 16th, 1915, to November,

1916, a period of about fifteen months and during that time it made its regular trips over the route, and was not out of commission over twenty days.

In *Seaboard A. L. Co.* v. *Phillips,* 108 Md. 296, it is said an unqualified statement of the general rule as to the measure of damages does not always form a proper instruction to a jury, but where there is evidence tending to show the existence of circumstances calling for a mitigation of damages the instruction to the jury should call their attention to that evidence and direct them to give it due consideration if they believe it to be true, so that the measure of damages may be determined in accordance with what are found to be the facts of the particular case. *Di Giorgio Co.* v. *Stock,* 116 Md. 206; *White Automobile Co.* v. *Dorsey,* 119 Md. 264.

In *Horn* v. *Buck,* 48 Md. 358, a similar question was presented, and this Court said: "Upon this state of facts it is clear that plaintiff was not entitled to recover the whole amount of the purchase money. The measure of damages in a case of this kind, for a breach of the warranty, is the difference between the value of the mare, with the defect warranted against and the value she would have had without that defect. *Lane* v. *Lantz,* 27 Md. 216.

"In that case it was said that the price paid, in the absence of other proof, is evidence of the value of the animal, if sound. From this is to be deducted the amount she was worth, in her actual condition at the time of the sale, and the difference would constitute the true measure of damages. In this case there is evidence that she was of some value; she was actually used by the plaintiff for sometime, and was sold on the 20th of December for sixty dollars.

"There is evidence that the plaintiff incurred expenses for the keep and doctoring of the mare while in his possession, for which he ought to be allowed; on the other hand, he is chargeable for whatever benefit and advantage he derived from using her."

In *Central Trust Co.* v. *Arctic Ice Machine Co.,* 77 Md. 236, it was held, that from the damages the Maryland Ice Co. was entitled to recover must be deducted from the total rental value, the fair rental value of the machines for the portion of that period that they were actually in use by or for the Maryland Ice Co., otherwise the Ice Company would recover damages for the time the machines were yielding it some benefit.

The prayers upon the measure of damages, as granted in this case, excluded from the consideration of the jury and denied to the defendant any credit whatever for the fair usable value of the truck for the time it was used by the plaintiff, from August 16th, 1915, to November, 1916, when it was in almost daily use by the plaintiff in his business on and over the route for which it was purchased.

The defendant's second prayer, as modified by the court, is open to the same objection, and, for the reasons stated, there was error in granting it as modified. *Robinson* v. *Silver,* 120 Md. 46; *Darrin* v. *Whittingham,* 107 Md. 46. There was no error in the ruling of the court, in overruling the defendant's motion to exclude from the consideration of the jury certain items set forth in the plaintiff's bill of particulars and testified to by the plaintiff as having been paid by him, as stated in the first bill of exception. This exception was not pressed in argument and no point is made on it, in the appellant's brief.

For the errors in the rulings on the prayers, as indicated, the judgment appealed from must be reversed and a new trial awarded.

*Judgment reversed, with costs, and new trial awarded.*